GREGORY v. WATTOWA ET AL.

58 711
100 356
58 711
117 518

1. **Contracts:** OPTIONAL TRANSACTIONS: WHEN VOID. Where notes were indorsed as security for advancements to be made by the indorsees in certain grain transactions, and the evidence does not show that the transactions were bets upon the future price of grain, or intended as mere option deals to be closed without the delivery of the grain, the purchases and sales were not void, and the notes would be held for the advancements so made. The optional contracts that are void are such as do not contemplate the delivery of the commodity purchased.

*Appeal from Howard Circuit Court.*

TUESDAY, JUNE 13.

In February, 1879, the plaintiff sold to the defendant, Wattowa, 160 acres of land and took from him a mortgage and six promissory notes to secure the purchase-money. Soon after the notes were executed the plaintiff, who resided in Howard county, sent three of them to Bryden, Moak & Scurr commission merchants in Milwaukee, to secure such future advancements as they might make for him in certain contemplated purchases and sales of grain, to be made by Bryden, Moak & Scurr for the plaintiff. The notes were indorsed in blank by the plaintiff, either at the time they were sent or afterwards. In pursuance of the arrangement between the parties, Bryden, Moak & Scurr made purchases and sales from time to time, and at the close of the business the plaintiff was indebted to them, as they claim, in a large amount.

Afterward the partnership of Bryden, Moak & Scurr was dissolved, and the notes with plaintiff's indebtedness passed to J. A. Bryden, one of the firm. Bryden sold the notes and transferred them to John Johnson. Johnson subsequently brought suit in the Howard District Court against Wattowa, the maker of the notes, to recover the amount due theron and to foreclose the mortgage. The plaintiff herein intervened in that action and claimed that he was the real owner of the

notes, and alleged that all of the purchases and sales of grain made by Bryden, Moak & Scurr for him, and upon his order, were mere gambling transactions, and that it was understood by the parties that no actual delivery of any of the grain contracted was intended or was in fact made.

It appears there was a trial upon the issue thus made and the plaintiff's petition of intervention was dismissed without prejudice. Soon afterward he commenced this action in which he set up substantially the same claim to the notes that he did in his petition of intervention. Issue having been joined on the plaintiff's petition there was a trial to the court, and a decree was entered finding that Johnson was the owner of the three notes in controversy and dismissing plaintiff's petition as to him. Plaintiff appeals.

*John T. Stoneman, Frank Sayre* and *A. Chapin* for appellant.

*H. T. Reed* and *George E. Marsh*, for appellee.

Rothrock, J.—Passing the question as to the effect of the dismissal of plaintiff's petition of intervention, in the former action concerning these notes, we come to the main question upon the merits of the case, which is, was the transfer of the notes by the plaintiff to Bryden, Moak & Scurr void, or rather voidable at plaintiff's election, because the transfer was an advancement made, or security for advancements to be made, by the indorsees, for certain gambling transactions in the price of grain to be by them entered into and carried on in the name of the plaintiff.

1. CONTRACTS: optional transactions: when void.

It was incumbent on the plaintiff to establish the allegations of his petition and show, notwithstanding his indorsements of the notes, that he was still the owner of them. And in the face of his indorsements he could do this, if at all, only by showing that the purchases and sales of grain were illegal and void as being mere gambling transactions. In this we think he has failed. Without setting out the testimony we

deem it sufficient to say, that it does not show that the transactions in question were bets upon the future price of grain, and that the parties intended that there should be an option by either the buyer or seller, whether or not the grain contracted for should be delivered or received. There is no showing that the transactions were intended by the parties to be closed without delivery, and by mere settlements of the differences in the price at the time settlements were required. On the contrary it does appear by evidence which is not contradicted, that the grain bought and sold by Bryden, Moak & Scurr was actually delivered by and to them at the maturity of the contracts, and in case of purchase the purchase-price was actually paid by them. It may be that this testimony is not true, but we cannot so hold in view of the fact that it is not contradicted and does not bear upon its face evidence of its falsity.

The option as to the time of delivery of merchandise purchased is not illegal, if there be an agreement to make actual delivery. The optional contracts that are void, are such as do not contemplate the actual delivery of the commodity purchased, but rather contemplate that the subject of the contract is not intended to be delivered. *Logan v. Musick*, 81 Ill., 415; *Pixley v. Boynton*, 79 Id., 353; *Corbitt v. Underwood*, 83 Id., 324; *Bigelow v. Benedict*, 70 N. Y., 202.

There is some claim made in argument that Bryden, Moak & Scurr refused to obey the plaintiff's instructions in the transactions in question, to his damage. If this were a material question between Johnson and the plaintiff (which we need not consider) yet we think the proof fails to show that there was any such violation of instructions as operated to discharge the plaintiff for the advances made for him. The plaintiff admits in his testimony that all of the purchases were made on his order, and all sales except two were made by his direction. As to these, he claims they were made in violation of his orders, and to his damage. But the other evidence in the case shows that these sales were made because

plaintiff failed to furnish further margins to carry the wheat longer.

We think the decree of the court below must be

AFFIRMED