MURRY, NELSON & CO. v. OCHELTREE ET AL.

1. **Contract:** ILLEGAL CONSIDERATION: GAMBLING "ON 'CHANGE." To invalidate a contract on the ground of the illegality of the transaction, it must be shown by a preponderance of the evidence that *both* parties participated in the intention which, if executed, renders the transaction illegal; therefore, *held* in this case (being a suit on a note given for losses incurred in trading in grain "options"), that although the *defendant* intended simply to gamble on the fluctuations of the markets, yet, since the evidence shows affirmatively that the transaction on the part of *plaintiff's* was a *bona fide* sale of grain to be actually delivered at a future time, they are entitled to recover.

*Appeal from Louisa District Court.*

WEDNESDAY, OCTOBER 4.

ACTION upon a promissory note executed by defendants to the plaintiffs. The case was tried to the court without a jury and judgment was rendered for defendants. Plaintiffs appeal.

*Gray & Tucker*, for appellant.

*Newman & Blake*, for appellee.

BECK, J.—I. As a defense to the action defendants plead "that plaintiffs were commission merchants in Chicago, Ill., and doing business for defendants in the sale of grain, and that plaintiffs dealt and traded in what is known as options "on change" in Chicago in grain, by selling and buying in market, "on change," certain grain for future delivery, when in fact no delivery was ever intended or demanded, and no grain was bought or sold, or intended to be. That the whole business was a venture and speculation on "margins," depending for profits or losses on the fluctuations of the markets, and purely a fictitious and gambling transaction; that in such trade no consideration was received for money lost and paid, and when money was received nothing was paid therefor. And defendants say said note was given for loss

in so trading in options, which plaintiffs well knew, and was therefore without consideration, in violation of law and contrary to public policy." This defense presents the sole issue in the case.

II.  A transaction of the character alleged in the answer to be the consideration of the note in suit, is illegal, and is

1. CONTRACT: not a sufficient consideration to support a contract. illegal consideration: But to invalidate a contract on the ground of the gambling on 'change. illegality of the transaction, it must be shown by a preponderance of evidence that both parties bought or sold property with the knowledge and purpose that no actual delivery of the property, which was the subject of sale, should be made, or, in other words, that both participated in the intention which, if executed, renders the transaction illegal. If one of the parties acts in good faith, with the intention and expectation of delivering or receiving the property which is the subject of the sale, the transaction as to him will be valid and will be a sufficient consideration for a contract in his hands, based thereon. *Pixley v. Boyenton*, 79 Ill., 351.

III.  The evidence in this case shows, without contradiction, that the transaction for which the note in suit was given was, on the part of plaintiffs, made in good faith with the purpose of delivering to defendants the grain which was the subject of the sale, and that they made actual purchases thereof with the intention of performing their contract of sale with defendants. Two of the plaintiffs testify positively and directly to this point. The defendants all unite in declaring that it was their purpose to make of the transaction an "option deal," but their testimony fails to disclose a like purpose on the part of plaintiffs. One of the defendants uses the following language in his testimony referring to the transaction: "I know this was an option deal simply because, so far as I was concerned, I never expected to receive any corn. I do not know whether or not plaintiffs bought the corn or not; I only meant for them to buy an option deal." The testimony of the other defendant is no stronger against plaint-

iffs upon this point. No witnesses except the parties testified in the case. We may therefore declare that the testimony utterly fails to show that plaintiffs participated in any purpose which would invalidate the note, but, on the contrary, the transaction is affirmatively shown by the evidence to have been on the part of plaintiffs a *bona fide* sale of grain to be actually delivered at a future time. The judgment of the District Court, being without the support of any evidence, must be

REVERSED.