## WALL *v.* SCHNEIDER.

*(Supreme Court of Wisconsin, January, 1884.)*

CONTRACTS—WAGERS—MUTUALITY—DIFFERENCES AS BREACH OF CONTRACT. A contract for future delivery of grain is not a gambling contract, unless one or both of the parties have no intention to deliver or receive the grain, but merely to speculate in the differences. Such an intention on the part of one of the parties not communicated to the other will not invalidate the contract, nor will the fact that the contract contemplates a payment of differences as the measure of damages consequent upon a breach of the contract.

Action for breach of the following contract: "Milwaukee, January 24, 1882. Fourteen thousand bushels No. 2 barley, April, at $0.96. In consideration of one dollar, hand paid, Wall & Bigelow hereby sell and agree to deliver, and J. C. Schneider buy and agree to receive and pay for on delivery, fourteen thousand bushels of No. 2 spring barley, at ninety-six cents per bushel, to be delivered in current warehouse receipts of Milwaukee elevators, at such time in the month of April, 1882, as the seller may elect. It is mutually agreed that this contract is subject to the rules and regulations of the chamber of commerce of Milwaukee, and the same are hereby made part of this contract." The Court directed a verdict for plaintiffs for the difference between the contract price and the amount received by plaintiffs on the contract. The defendant appealed.

CASSODAY, J., in delivering the opinion of the Court, said: It is urged that the written contract, with the rules and regulations of the chamber of commerce, which are made a part of it, is upon its face a gambling contract, and hence void. In order to so hold we must find, as a matter of fact, that at the

time of making the contract the plaintiff had no intention of selling and delivering the warehouse receipts as therein stated, and also that the defendant had no intention of buying or receiving such receipts. Can we so find upon the evidence in this case? True, the contract provided, in effect, that the plaintiff should be secured by a margin of ten per cent. on the contract price, and for an additional margin in case such barley should go down on the market; and also provided a summary way for closing out the transaction in case the defendant failed to pay the money and take the warehouse receipts at the time designated. But this does not seem to be enough, especially when taken with the other evidence in the case, to authorize a finding that neither party intended to perform the contract. Under one of the rules of the chamber of commerce, made a part of the contract, a failure on the part of the plaintiffs to deliver the warehouse receipts, as agreed in the contract on the receipt of the price, would have subjected them to suspension and expulsion from the chamber of commerce. By another rule, the defendant, by making default in the payment of the money and receiving the warehouse receipts for the space of one month, thereby subjected him to being barred from any right to representation upon the floor of the chamber of commerce for any business, object, or purpose whatever. Thus the rules and regulations contemplated the enforcement of the contract, as well as the putting up of the margins and the settlement of differences. True, the rules provide, in effect, that in case of the default of either party, such party shall be liable to the other for the difference between the contract price and the price at which the property has been sold or bought (as the case may be); but that is only so as a consequence of a breach, and in order, in that event, to constitute and fix the rule and measure of damage against the party so in default. But such could only be the result in case of default. In the absence of such default and in case of performance by both parties no such consequence could occur. Of course, the power to make contracts implies the power to break contracts. A necessary incident of breaking a contract is liability to the other party for the breach. The amount of damage must necessarily depend upon the nature of the contract and the extent of the breach. In an executory sale of a commodity having a

fluctuating market value the amount of the damage must necessarily depend upon the state of the market at the time of the breach. Is the contract in question to be condemned as illegal merely because it provided, in effect, that in case it should be broken by either party the measure of damages should be the difference between the contract price and the price on the chamber of commerce at the time of the breach? Assuming that such price on the chamber of commerce at the time of such breach would be the true market value, then it is manifest that the amount of damages thus stipulated for was precisely the measure of damages which the law would have given for such breach without any stipulation. (*Hill* v. *Chipman*, N. W. Rep., 1884, 160.) We are not aware of any adjudicated case going to the extent of holding that the mere secret intention of one party to the contract, not communicated to the other party, is sufficient to invalidate such contract. In *Bernard* v. *Backhaus*, 52 Wis., 597, it was clearly and satisfactorily proven that, in respect to some of the transactions, none of the parties intended an actual sale and purchase of the wheat." As indicated by this Court in *Lowry* v. *Dillman*, 18 N. W. Rep., 4, it is only "where neither party intends to deliver or accept," that the contract is illegal. To the same effect are *Murry* v. *Ocheltree*, 59 Iowa, 435; *Clarke* v. *Foss*, 7 Biss., 540; *Williar* v. *Irwin*, 11 *Ib.*, 57; *Sawyer* v. *Taggert*, 14 Bush, 727; *Williams* v. *Carr*, 80 N. C., 294; *Williams* v. *Tiedemann*, 6 Mo. App., 269; *Rountree* v. *Smith*, 2 Sup. Ct. Rep., 630; *Grizewood* v. *Blane*, 11 C. B. Rep., 541. In *Murry* v. *Ocheltree, supra,* it was held that although the defendant intended simply to gamble on the fluctuations of the markets, yet, since the evidence showed affirmatively that the transaction on the part of the plaintiffs was a *bona fide* sale of grain to be actually delivered at a future time, they were entitled to recover.

*Judgment affirmed.*