W. G. PRESS & COMPANY, Appellants, v. J. R. DUNCAN.

Gaming Contract:  EVIDENCE OF INTENT:  *Conflicting evidence on appeal.* The question whether a contract for the purchase of grain through a broker, contemplated an actual delivery of the grain, or merely a purchase on margins, and was therefore invalid, is to be determined, not only from the contract, but also from the conduct of the parties themselves, and where the evidence as to intent conflicts, this court will not interfere with the finding.

*Appeal from Louisa District Court.*—HON. D. RYAN, Judge.

SATURDAY, DECEMBER 12, 1896.

PLAINTIFF'S suit is brought on a promissary note for five hundred dollars, drawing six per cent. interest, and dated March 3, 1893. It is due January 1, 1894. Defendant claims that the note sued on was given for money due plaintiffs, for margins advanced by them for defendant on option deals; that it was the intention of all the parties to said transaction, that no grain should be delivered, and no further purchase price paid, but said contracts should be settled by the payment of the difference between the contract price of the grain purchased and the market price of the same at the time fixed in the contract. They therefore claim that the note sued on is without consideration. The cause was, by agreement of parties, tried to the court, and at the conclusion of the

trial a judgment was entered against the plaintiffs for costs, and they appeal.—*Affirmed.*

*Gray & Tucker* for appellants.

*C. A. Carpenter* for appellee.

KINNE, J.—I.   The contention of the defendant in this case is, that the consideration of the note in suit was margins put up by plaintiffs for the defendant, in option deals on the Board of Trade of the City of Chicago, in transactions in which no grain or produce was ever received or delivered, and that it was the intention of both plaintiffs and defendant, that no grain or produce so pretended to be purchased, should be received or delivered, but that the differences arising upon said deals should be paid in money.   Counsel for appellants concede that, "where the parties intend that the contract shall be settled by the payment of differences between the contract price and the market price at a time fixed, the contract is void." Optional contracts, in such cases, are void, when they do not contemplate the actual delivery of the commodity purchased, but rather contemplate that the subject of the contract is not intended to be delivered. *Gregory v. Wattowa,* 58 Iowa, 713 (12 N. W. Rep. 726); *Murray v. Ocheltree,* 59 Iowa, 436 (13 N. W. Rep. 411); *First Nat. Bank of Lyons v. Oskaloosa Packing Co.,* 66 Iowa, 41 (23 N. W. Rep. 255); *Tomblin v. Callen,* 69 Iowa, 229 (28 N. W. Rep. 573); *Osgood v, Bauder,* 75 Iowa, 557 (39 N. W. Rep. 887).   There being no dispute as to the law applicable to this case, we need not cite authorities from other courts.   The cases above cited also hold that the intention of both parties to the contract must be determined, not only from the contract itself, but as well from the acts and conduct of the parties under it.   The plaintiffs all testify that

these deals, which defendant insists were mere option contracts, in fact contemplated an actual delivery of the grain and produce dealt in, and that the reason there was no delivery was, because the contracts were closed out by order of the defendant before they matured. If they are to be believed, then the contracts were legal, and the note is based upon a valid consideration. On the other hand, the defendant's evidence shows, that he had no intention or expectation that the commodity purchased should ever be delivered, and there are facts and circumstances appearing in the evidence, which need not be recited, which tend strongly to show that the intention of the plaintiff was the same as that of the defendant. Under such a conflict in the evidence, we are not warranted in disturbing the finding and judgment of the court below, which has the force and effect of a verdict of a jury.—AFFIRMED.