ELLEN M. BIGELOW, et al., Administrators, etc., Repondents, *v.* CHARLES B. BENEDICT, Appellant.

A contract whereby A., for a valuable consideration, agrees to purchase of B gold coin at a specified price within a specified time, B having the option to deliver or not, is not upon its face a wager contract within the meaning of the statutory provision declaring such contracts void. (1 R. S. 662, § 8.)

In the absence of evidence to the contrary it will be presumed that the contract was made in good faith; with intent on the part of both parties to perform.

It *seems,* that when an optional contract for the sale of property is made and there is no intent on the one side to sell or on the other to purchase, but merely that the difference shall be paid according to the fluctuations in the market, the contract is a wager within the meaning of the statute and so void.

(Argued June 4, 1877; decided June 19, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiffs entered upon decision of the court on a trial without a jury. (Reported below, 9 Hun, 429.)

This action was brought by plaintiffs as administrators of the estate of M. C. Bigelow, to recover damages for an alleged breach of the following condition:

"ATTICA, January 23, 1865.

"Know all men by these presents, that I, Charles B. Benedict, for and in consideration of the sum of two hundred and fifty dollars, good and lawful money of the United States, to me in hand paid, the receipt of which is hereby acknowledged, do agree to receive from M. C. Bigelow, at any time within six months from date, he may choose to deliver the same, two thousand and five hundred dollars in gold coin of the United States, for which I agree to pay to the said Bigelow ninety-five per cent. premium on the dollar, or at the rate of one hundred and ninety-five dollars in good current funds for each and

every one hundred of coin. The said Bigelow does not contract to deliver the coin, but pays the two hundred and fifty dollars for the privilege of delivering or not, at his option.

(Signed)                                   C. B. BENEDICT."

The court below found that on June 19, 1865, Bigelow tendered to defendant $2,500 in gold coin in pursuance of the agreement, but that defendant refused to accept or pay for the same, and it directed judgment for the difference between the market value in current funds of gold coin at the time of tender and the price specified in the contract with interest. The court also found as follows: "The said defendant, prior to and at the time of the making said contract, was engaged in the business of banking as a private banker, and had been and was engaged, among other things, in purchasing gold coin to hold, and said contract was made in the usual course of business, and was not a bet or wager as alleged in the defendant's answer to said complaint."

*A. P. Laning*, for the appellant. The agreement in suit being in violation of the statute against betting and gaming was void. (1 R. S. [2nd Ed.], 924, § 8; *Girzewood* v. *Blare*, 20 E. L. and Eq., 290; *Ranke* v. *Short*, id., 219; *Parsons* v. *State*, 2 Carter [Ind.], 499; *Hizer* v. *State*, 12 Ind., 330; *Cupard* v. *Hinman*, 1 Bosw., 207; *Hall* v. *Berger*, 19 Barb., 122; *Marcan* v. *Langley*, 8 Shef., 26; *Danforth* v. *Evans*, 16 Vt., 538; *Graves* v. *Rogers*, 11 Ala., 543; *Vromwell* v. *Gordon*, id., 656; *Life* v. *Firiarty*, 6 Clark [Iowa], 394; *Judd* v. *Burnett*, 14 Ind., 25; *Cooper* v. *Bewster*, 1 Minn., 94; *Ruckman* v. *Pitcher*, 1 N. Y., 392; *In re Chandler*, 13 Am. L. R. [N. S.], 310; *Pickering* v. *Cease*, 8th Chicago L. News, 340; *Lyon* v. *Culburtson*, id., 153; *The Brig Sarah Ann* v. *Woodbury*, 2 Sumn., 206, 209; 1 Greenl. Ev., §§ 50, 51.)

*L. W. Thayer*, for the respondent. The contract was valid and did not come under the provisions of the statute against betting and gaming. (*Peabody* v. *Speyers*, 56 N. Y., 230; *Cameron* v. *Durkheim*, 55 id., 425; *Cook* v. *Davis*, 53 id., 318; 43 id., 209; 12 Wal., 687.)

ANDREWS, J. By the terms of the contract set out in the complaint, the defendant in consideration of two hundred and fifty dollars, acknowledged to have been paid him by Merrett C. Bigelow, agreed to receive from Bigelow at any time within six months from the date of the contract, two thousand five hundred dollars in gold coin of the United States, and to pay him therefor in good current funds at the rate of one hundred and ninety-five dollars in currency for every one hundred dollars in coin, and the contract expressly declares that Bigelow does not contract to deliver the coin, but pays the two hundred and fifty dollars for the privilege of delivering it or not, at his option.

The validity of this contract is assailed on the ground that it is a wager, and therefore void. The case was tried by a judge, without a jury, and the judge found that the contract was not a bet or wager, and directed judgment for the plaintiff. There is no evidence of what took place between the parties to the contract at the time it was made outside of the contract itself, nor are any circumstances proved tending to show the intent of the parties to be different from that appearing upon the face of the instrument. It does not appear that there had been prior dealings between them of a similar kind, or that either of them had bought or sold gold on speculation, or received or paid differences on the purchase and sale of stocks or gold. The breach of the contract was shown, and the plaintiff was entitled to recover the damages sustained, unless the contract on its face is a wagering contract, in violation of the statute. (1 Rev. St., 662, § 8.)

In construing a contract, that construction is to be preferred which will support it, rather than one which will

avoid it. "It is a general rule," says Lord Coke, "that whensoever the words of a deed or of the parties without deed may have a double intendment, and the one standeth with law and right, and the other is wrongful and against law, the intendment that standeth with the law shall be taken." (Co. Lyt. 42, 183.)

Applying this well settled rule of construction to the contract in question, we are to consider whether it necessarily imports a gambling transaction. By this contract the defendant bound himself to take the gold if delivered within the time specified, at the price named, and he ran the hazard of loss in case the market price of gold should be more than ten per cent. less, at the time specified for the delivery, than the price he agreed to pay. This hazard he was willing to assume for the consideration paid by the other party. The seller paid the two hundred and fifty dollars for the right to deliver it, and he could in no event lose anything beyond that sum, for he assumed no obligation to the defendant, and he might gain by a fall in the market. That there was an element of hazard in the contract is plain. But the same hazard is incurred in every optional contract for the sale of any marketable commodity, when, for a consideration paid, one of the parties binds himself to sell or receive the property at a future time, at a specified price, at the election of the other.

Mercantile contracts of this character are not infrequent, and they are consistent with a *bona fide* intention on the part of both parties to perform them. The vendor of goods may expect to produce or acquire them in time for a future delivery, and while wishing to make a market for them, is unwilling to enter into an absolute obligation to deliver, and therefore bargains for an option which, while it relieves him from liability, assures him of a sale, in case he is able to deliver ; and the purchaser may in the same way guard himself against loss beyond the consideration paid for the option, in case of his inability to take the goods. There is no inherent vice in such a contract. (*Disborough* v. *Neilson,*

3 Jo. Ca., 81; *Stanton* v. *Small*, 3 Sand., 240; *R. R. Co.* v. *Dane*, 43 N. Y., 240; *Brown* v. *Hall*, 5 Lan., 180.) Contracts of this kind may be mere disguises for gambling, and where an optional contract for the sale of property is made, and there is no intention on the one side to sell or deliver the property, or on the other to buy or take it, but merely that the difference should be paid according to the fluctuation in market values, the contract would be a wager within the statute. (*Grizewood* v. *Blane*, 73 Eng. C. L., 525; *Rourke* v. *Short*, 34 Eng. L. & E., 219; *Cassard* v. *Hinman*, 1 Bos., 207; *Matter of P. K. Chandler*, 13 Am. L. R. [N. S.] 310.) An executory contract for the sale of stocks or goods at a fixed price is valid, although the vendor neither owns them or has them in possession when the contract is made. (*Hibble White* v. *McMoring*, 5 M. & W. 462.) If such a contract relates to a marketable commodity the purchaser risks the chance of depreciation in market value between the execution of the contract and the time of the delivery, and the vendor loses the opportunity of selling them at a higher price if the market advances, but this hazard is in no sense a wager, if the transaction is *bona fide*, and it will be presumed to be so until the contrary appears. The form of a contract of sale may be resorted to as a mere cover for betting on the future price of the commodity agreed to be sold, and if this is the real meaning of the transaction, and no actual sale or purchase is intended, the contract is illegal, and will not be enforced. But the illegality is matter of defense, and must be established by proof, and found by the jury.

The circumstances relied upon to show that the contract in question was a wager, are *first*, that it was a contract for the sale of gold, and *second*, that it was optional on the part of the seller. But these facts alone do not authorize the inference sought to be deduced from them. Contracts for the sale of gold are not prohibited by law, and their validity has been frequently recognized by this court. (*Cooke* v. *Davis*, 53 N. Y., 318 ; *Cameron* v. *Durkheim*, 55 id.,

425 ; *Peabody* v. *Speyers*, 56 id., 230.) It may be bought and sold like any other commodity. It is true, that contracts for the purchase and sale of gold are a convenient cover for gambling transactions. The frequent fluctuations in the value of gold ; the opportunities for combinations to affect the market ; the ability to ascertain its market value on any day or hour of the day, make time sales of gold a means often resorted to for speculation and gambling. There may be a suspicion when a time contract to sell gold, optional on one side, is shown, that it was made as a wager or bet upon the price of gold when the contract matures, but this is not sufficient to establish the illegal intention. The fact that the contract was a seller's option is not necessarily inconsistent with the fact that the seller owned the gold at the time of making the contract, and if he did not then have the gold, it might well be that he was entitled under some existing contract to receive it within the time given by the option to deliver it, and took the option in view of the contingency that his contract might not be performed.

If the contract in question was a mere device to evade the statute it was, as has been said, illegal, but the question here, is, does the contract, on its face, disclose an illegal transaction, and we are of the opinion that it does not, and that the defense of illegality was not established. The exception to the finding that the defendant was, at the time the contract was made, engaged in business as a private banker, and was purchasing gold coin to hold, in the view we have taken becomes immaterial. The burden was upon the defendant to show the illegality of the contract, and this he did not do.

The judgment in the action of Benedict and Doty against Bigelow was not a bar to this action. It did not, so far as the record discloses, determine any issue as to the consideration or recision of the contract in question, and the damages for the breach were not available as a counterclaim

in that action.  No other questions are presented by the exceptions.

The judgment should be affirmed.

All concur, except FOLGER, J., absent.

Judgment affirmed.