FREDERICK D. STORY, Respondent v. SAMUEL N. SALOMON, Appellant.

An agreement for a valuable consideration by A. to purchase from or sell to B., at the option of the latter, a certain number of shares of stock within a limited time at a specified price, is not *per se* a gaming contract. An illegal intent will not be presumed ; and in the absence of proof that the parties were merely speculating upon the fluctuations in the price of the stock without any intent that A should deliver or accept, but simply should pay differences, the contract is valid and may be enforced.

[Submitted November 28, 1877; decided December 11, 1877.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, affirming a judgment of the Marine Court in favor of plaintiff.

The nature of the action and the facts are set forth sufficiently in the opinion.

*John E. Develin,* for appellant. The complaint should be dismissed for the reason that the contract was void under the statute. (1 R. S., 662; *Hasbrook* v. *Paddock*, 1 Barb., 637, 638; *Blossom* v. *Griffin*, 13 N. Y., 569.) The case came with the principle *ex turpi contractu non oritur actio. (Bigelow* v. *Benedict*, Ct. of Appeals, June 1877.) The appeal to this court was properly taken. (Code § 11, sub. 1.)

*L. A. Gould,* for respondent. Defendant having admitted the making of the contract valid upon its face, and neither pleaded nor offered any testimony to show that it was illegal, cannot claim that it was illegal. (*Speer* v. *Hart*, 3 Robt., 420; *O'Toole* v. *Garvin*, 3 Sup. Ct. 118; *Paige* v. *Willett*, 38 N. Y., 28.) That it was optional between the parties did not impair its validity. (*Bigelow* v. *Benedict*, Ct. of Appeals, June 1877.) The contract was not a wager. (2 R. S., 98; *Thompson* v. *Solomon*, Sup. Ct. Spec. Term, Nov. 1875; *Chicago, etc., R. R. Co.* v. *Dane*, 43 N. Y., 243.)

The making of the second agreement was a waiver of tender, which may be proved under a plea of tender. (*Holmes* v. *Holmes*, 5 Seld., 525.)

Earl, J. This is an action based upon the following contract :

"New York, May 15th, 1875.

" For value received, the bearer may call on the undersigned for one hundred (100) shares of the capital stock of the Western Union Telegraph Company, at seventy-seven and one-half (77½) per cent, any time in thirty (30) days from date.

" Or the bearer may, at his option, deliver the same to the undersigned at seventy-seven and one-half (77½) per cent, any time within the period named, one day's notice required.

"All dividends or extra dividends declared during the time are to go with the stock in either case, and this instrument is to be surrendered upon the stock being either called or delivered.

"S. N. Salomon."

Before the expiration of the thirty days the defendant suspended payment, and on the twenty-eighth day of May the parties came together, and the defendant indorsed upon the contract " settled at market, seventy-two and three quarters," which was the price of the stock on that day. The difference between that price and the contract-price was thus fixed as the sum which the plaintiff was entitled to recover, if he was entitled to recover anything.

The sole defense relied upon by the defendant is that the contract was a violation of the statute against gaming, and therefore illegal and void. (1 R. S., 662.) There was no parol proof that the parties intended by this contract a wager or bet, and the question must be determined by the terms of the contract itself. This contract purports to be based upon a valuable consideration. The plaintiff paid for the options given him. One may pay for an option to take at a future day, at a certain price, a farm, or any article of personal property. There is always uncertainty as to what the prop-

erty will be worth at the day named, and if it should then be worth less than the price named, he will not take it. In all this there is not necessarily a bet or wager. It is an ordinary business transaction. And the case would not be altered, if instead of paying for an option to buy, he pays for an option to sell at a future day. Most contracts for the purchase or sale of merchandise at a future day, are made with a view to the market price on the day of performance. There is always an element of speculation and uncertainty as to that, and yet it has never been supposed that there is any betting by such contracts. Here the option to buy or sell was put in the same contract. On the face of the contract the plaintiff provided for the contingency that on that day he might desire to purchase the stock, or he might desire to sell it, and in either case there would have to be a delivery of the stock or payment of damages in lieu thereof. We should not infer an illegal intent unless obliged to. Such a transaction, unless intended as a mere cover for a bet or wager on the future price of the stock, is legitimate and condemned by no statute; and that it was so intended was not proved. If it had been shown that neither party intended to deliver or accept the shares, but merely to pay differences according to the rise or fall of the market, the contract would have been illegal.

We may guess that the parties were speculating upon the fluctuations in the price of the stock, and that the defendant was not to be required to take or deliver any stock in any case, but simply to pay differences. But a contract which can have legal interpretation and effect should not be condemned, without any proof, in that way.

The principles applicable to this case are so fully set forth in the opinion of ANDREWS, J., in the case of *Bigelow* v. *Benedict* (70 N. Y. 202), that no further discussion of them is now needed.

The judgment must be affirmed.

All concur, except ANDREWS, J., absent and ALLEN, J., dissenting,

Judgment affirmed.