Barker, J.
Both parties admit that the agreement entered into between the parties was a gaming contract, and that its validity is to be determined by the laws of this state. This mutual concession is doubtless made in view of the special verdict, that the plaintiff did not know that the contract which he had with the defendant was to be carried out through other brokers who resided out of the state of New York. We may, therefore, determine the legal questions presented on this appeal on the supposition that the contract between the parties was made and was to be performed within this state. The real intent of the parties being to speculate in the rise and fall of the price of oil, and the same not to be delivered in any event, but one party was to pay to the other the difference between the contract price and the market price of oil on the day fixed *334 for executing the contract. The whole transaction, was nothing more than a wager, and was null and void. Bigelow v. Benedict, 70 N. Y., 202; Story v. Salomon, 71 id., 420 ; Quinn v. Williar, 110 U. S., 499. The attempt to disguise the transaction under form of a valid contract, does not exempt the defendant from the decree of the statute pronouncing it invalid upon the facts, as stated; the defendant must be regarded as privy to the unlawful scheme, and has voluntarily connected himself with the immorality of the contract, so as to be affected by it, and is in no position to assert that he has been an innocent instrument by which the plaintiff’s money was transmitted to a third party, for the purpose of carrying out an unlawful venture. Where a broker is advised of an unlawful design of the contracting parties, and brings them together for the very purpose of entering into an alleged agreement, he becomes particeps criminis, and may be regarded as a stakeholder of the sum of money put up by the plaintiff, although it was with the consent of the latter put into the hands of a third party before the result of the venture was ascertained.
By the common law money lost and paid in betting and gambling could not be recovered by the loser, but the statute has given a remedy to the loser, and he may recover the money from the winner or stakeholder. It reads as follows : ‘ ‘Any person who shall pay, deliver or deposit any money, property or tiring in action, upon the event of any wager or bet herein prohibited, may sue for and recover the same of the winner or person to whom the same shall be paid or delivered, and if the stakeholder or other person in whose hands shall be deposited any such wager, bet or stake, or any part thereof, whether the same shall have been paid over by such stakeholder or not, and whether any such wager be lost or not. 3 R. S. (7th ed.), 1962, § 9. Ruckman v. Pitcher, 1 N. Y., 392; Storey v. Brennan, 15 id., 524; Mahoney v. O’Callaghan, 38 Sup. Ct. (J. & S.), 461.
By force of the statute the plaintiff’s title to the money was saved to himself, and as the part performed by the defendant in carrying out the unlawful scheme was not innocent, he is made liable in a proper action for the money which came into his hands in furtherance of the immoral scheme. But the plaintiff’s cause of action, as set forth in his complaint, was based upon the contract as a valid one, and the right to recover damages for its non-performance; no other construction can be placed upon the complaint. The agreement between the parties as therein set forth, was a valid one in terms. An executory agreement to sell property, and to deliver the same at a future day, which the- *335 seller did not own at the time the contract was made, if the same is in other respects valid, it is not upon its face a wager contract within the meaning of the statutory provision declaring such contracts void. In absence of evidence to the contrary, it will be presumed that the contract was made in good faith, with the intent on the part of both parties to perform it. Bigelow v. Benedict, 70 N. Y., 202 ; Story v. Salomon, 71 id., 420; Quinn v. Williar, 110 U. S., 499.
It must be determined by the proofs whether the parties entered into the contract in good faith with an intention of having the same performed by a delivery of the property. If the party who has lost the stake wishes to recover the same from a guilty participant, he must repudiate the contract and sue for the stake, which he may recover back as a penalty. The plaintiff must disaffirm the contract and sue under the statute, which he has not done in this case. Nichols v. Lampkin, 7 N. Y., Civil Pro., Rep., 1.
The respondent had made the point in his printed brief, that the provisions of the Revised Statutes which Ave have quoted are repealed, and cites sections 725 and 726 of the Penal Code. The provisions of that code contained in sections 336 and 340 are not. inconsistent with the Revised Statute, and do not relate to the same object, and Ave are of the opinion that they remain in full force and effect.
Judgment affirmed.
Smith, P. J., Haight and Bradley, J.J., concur.