HENRY PECK, RESPONDENT, *v.* THE DORAN & WRIGHT
COMPANY (LIMITED), APPELLANT.

*Wagering contract — when a complaint will be held to state facts showing the contract
set forth therein to be a wagering contract.*

The plaintiff alleged in his complaint, as a second and separate cause of action,
that at different times, between December 1, 1885, and September 15, 1886, he
had business transactions with the defendant, by which it, in consideration of
commissions paid, and to be paid, to it by him, agreed to deal and traffic upon
the market value of wheat, and that the plaintiff and defendant, between the
dates aforesaid, did deal, traffic and trade upon the market value of wheat, "in
form and manner as follows. The plaintiff gave his several orders for wheat,
amounting in all to forty-six thousand bushels, and paid to the defendant its
commissions for doing this business," the sum of $115; and also paid to it the
sum of $2,535, as margin on the several purchases, to secure it against any decline
of the market-value of wheat between certain dates named, and as a margin and
forfeit to it in case the market-value should decline, the plaintiff having a right
to advance and pay a further margin : that it was a part of said contract that if
the market-value of the wheat should advance, as to all the wheat ordered, he
should be entitled to the advance and, also, to receive back the marginal advances;
that all of the adjustments and settlements of the said transactions between them
were to be made, and were made, and said transactions were based upon the
state, condition and fluctuation of the market-value of wheat; that when the time
arrived for the closing of the several orders the defendant told the plaintiff that
the market-value of wheat had declined, and that all of the said margins paid
to it by him had been exhausted; that the defendant had closed all of the transac-
tions on the basis of the market, and retained and kept the $2,535, and the said
$115, and refused to pay the same to the plaintiff after demand thereof ; that
said transactions were void and illegal under the statute against betting and
gaming, and asked for judgment for the amount paid for commissions and mar-
gin above stated.

*Held,* that a demurrer interposed by the defendant, upon the ground that the facts
therein stated did not constitute a cause of action, was properly overruled as the
contract therein set forth was a wagering contract which violated the statutes of
this State, and was, for that reason, illegal and void. (LANDON, J., dissenting.)

APPEAL from an interlocutory judgment, directed at the Albany
Special Term, overruling a demurrer to the second cause of action
alleged in the complaint.

This count alleges that at different times between December 1,
1885, and September 15, 1886, plaintiff had business transactions

with defendant, by which defendant (in consideration of commissions paid and to be paid by the plaintiff) undertook, promised and agreed to and with plaintiff to deal and traffic upon the market-value of wheat; that the plaintiff and defendant did deal, traffic and trade upon the market-value of wheat in form and manner as follows: Plaintiff gave his several orders to the defendant for wheat, amounting to 46,000 bushels, and paid defendant's commissions, $115, and also the sum of $2,535 as margins on the several purchases, to secure the defendants against any decline of the market-value of wheat between the dates of the orders and a date named for the closing of the transactions; and as a margin and forfeit to defendant, in case the market-value should decline, and in case the market-value should decline so as to exhaust the margin, the plaintiff had the right to advance and pay defendant a further margin, as in the first instance. That it was a part of said contracts between the plaintiff and defendant that if the market-value advanced after plaintiff gave his several orders to defendant as to all the wheat ordered, the plaintiff should be entitled to the advance and also to receive back from defendant his marginal advances thereon; that all of the adjustments and settlements of the said transactions were to be made and were made, and said transactions were based on the state, condition and fluctuation of the market-value of wheat; that when the time arrived for the closing of the several orders, the defendant told the plaintiff that the market-value had declined, and that all of the margins had been exhausted; that the defendant had closed all of the transactions on the basis of the market and had retained and kept the said sums, and has refused to pay the same to plaintiff after demand; that all said transactions, agreements and contracts were and are illegal and void, and in violation of the statutes against betting and gaming, and particularly in violation of part 1, chapter 20, title 8, article 3, sections 8 and 9 of the Revised Statutes. To this count the defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the appeal is from that judgment.

*Henry T. Sanford*, for the appellant.

*William H. Shephard*, for the respondent.

LEARNED, P. J. :

It seems to me that the second count states a wagering contract. It alleges that the parties agreed to deal and traffic upon the market-value of wheat, and that they did so traffic and deal between certain dates. Here is a distinct allegation that the subject of their dealing and agreement was the market-value of wheat, in distinction from the wheat itself. Then it proceeds to state the mode, viz., that plaintiff gave his orders to defendant for wheat, and paid defendant's commissions "for doing the business," not necessarily for making purchases; and, also, paid a margin to secure defendant against a decline in the market-value ; that if the market-value should advance it was agreed that plaintiff should be entitled to the advance. Now, if these orders, given by plaintiff, were to be actually fulfilled by defendant and the wheat actually purchased, there would be no need of an agreement, the plaintiff should be entitled to the advance in the market-value. For in that case the wheat would belong to plaintiff and he would have the benefit of the advance without any agreement. The fact, then, that it was necessary to make an agreement to this effect indicates that though orders were given they were not to be executed. The complaint goes on to say that the transactions were based on the rate, condition and fluctuations of the market value, and that defendant had closed the transactions (not sold the wheat) on the basis of the market and had retained the margin of $2,535. If there had been an actual purchase of wheat by defendant for plaintiff, and a subsequent sale of the same at such a decline as to cause a loss of $2,535, then the defendant would not have kept and retained that sum, but it would have been lost by the decline in prices. Here, however, the demurrer admits that defendant had kept and retained that money for the reason that by the decline in market-value the margin had been exhausted. I think that sufficient was stated to show a wagering contract. (*Bigelow* v. *Benedict*, 70 N. Y., 202, 206.) How the fact may appear in the trial we cannot tell.

I think the interlocutory judgment should be affirmed, with costs.

WILLIAMS, J., concurred.

LANDON, J. (dissenting) :

If the contract set forth in the complaint is one for " traffic and trade upon the market-value of wheat," and not for the purchase

of wheat or for traffic and trade in wheat, then it is a wagering contract. (*Bigelow* v. *Benedict*, 70 N. Y., 202; *Story* v. *Salomon*, 71 id., 420; *Kingsbury* v. *Kirwan*, 77 id., 612; *Harris* v. *Tumbridge*, 83 id., 92; *Yerkes* v. *Salomon*, 11 Hun, 471.) The complaint alleges that the parties agreed to traffic and trade upon the market-value of wheat, and in addition to their bargain to do it, did traffic and trade upon the market-value of wheat as follows: The plaintiff gave to the defendant orders for 46,000 bushels of wheat, paid him $115 commissions and $2,535 for margins against the decline in the market-price of wheat between the date of the orders and the date of closing the transaction, and had the privilege to advance further margins; the plaintiff was to have the benefit of any advance in the market-price of wheat, and receive such advance together with his margins. If the price fell, plaintiff would lose.

Now, under plaintiff's orders for wheat, defendant was at liberty to buy the wheat ordered, and hold it to await the fluctuations in its market-value. If defendant did this, then, whether the price rose or fell, the defendant would make nothing except his commissions. If the price rose, plaintiff would win nothing from the defendant; he would make the profit, less commissions and interest, which the transaction realized. If the price fell, the plaintiff would lose the shrinkage in addition to the commissions and interest. The plaintiff would be simply a speculator, and the defendant his agent or broker. But if the understanding was that defendant was not to buy the wheat ordered, but if the price advanced defendant was to lose to the plaintiff the advance, and if it fell plaintiff was to lose, out of his margin, the amount of the decline and the defendant was to keep it, then the transaction was a gambling one.

We think that the allegation of the complaint, that the parties agreed to traffic and deal upon the market-price of wheat must be construed in connection with the subsequent allegation that they did traffic and deal upon the market-price "*as follows*," that is to say, they agreed to traffic and deal in the manner in which they actually did traffic and deal, as set forth in the complaint. And as the manner in which they did traffic and deal was as consistent with an agreement to deal in the wheat itself as upon the market-price of it, the authorities require us to hold that that contract was made which was not forbidden by law, rather than the one which was.

(*Bigelow* v. *Benedict; Story* v. *Salomon; Harris* v. *Tunbridge, supra.*) It follows that the interlocutory judgment must be reversed and an interlocutory judgment directed for the defendant, allowing the demurrer, with costs of appeal, and in the court below, with usual leave to plaintiff to amend complaint upon payment of costs.

Interlocutory judgment affirmed, with costs.