KENYON *v.* LUTHER *et al.*

(*Supreme Court, General Term, Fourth Department.* November, 1888.)

1. GAMBLING CONTRACTS—EVIDENCE.
   In an action to recover for commissions earned and losses sustained by plaintiff under a contract with defendant for the sale of a large amount of wheat, to be delivered at a future time, where the defense is set up that such contract was intended as a cover for a gambling transaction, the testimony of the defendant is admissible that he did not intend to purchase any wheat.

2. SAME.
   The intention of the plaintiff with regard to the delivery of the grain contracted for may be shown by the course of dealing between the plaintiff and his agent in whose name the contract was made.

Appeal from circuit court, Jefferson county.

Action by Henry O. Kenyon against John F. Luther and Addison L. Upham. Judgment was given for plaintiff, and defendants appeal.

Argued before HARDIN, P. J., and MARTIN and FOLLETT, JJ.

*Dorwin & Brown* and *Lansing & Rogers,* for appellants. *Porter & Walts,* for respondent.

MARTIN, J. This action was to recover for commissions earned and losses sustained by the plaintiff under a contract with the defendant for the sale, in August, 1881, of 15,000 bushels of October wheat. The defense interposed was that the transaction between the parties was in reality a wager that the price of wheat would advance before the day of delivery; that the contract in question was made with the full understanding that no wheat was to be delivered, but that the difference between the price specified and the market price at the time named for delivery should be paid by the losing to the winning party; and hence that such contract was illegal and void, under the statute against betting and gaming.

On the trial the defendant Luther was called as a witness, and the following proceedings were had: "*Question.* Did you have any intention at that time to purchase any wheat or to hold any wheat? (Objected to as incompetent and immaterial by plaintiff.) *The Court.* What is the statute under which you are offering this evidence? There certainly is no general principle of law which would make this evidence. (The defendants thereupon offered and read the statute of the state of Illinois as set up in the answer of these defendants.) *Mr. Brown.* We claim that this is a wager. *The Court.* I do not think that is the case on anything that appears so far. *Mr. Brown.* We offer to show that the intent of the parties at the time they went into this contract was that no grain should be handled at all, but simply the difference. *The Court.* That must appear, then, by what took place between the parties. So far as appears, these parties ordered him to sell five thousand bushels on the board of trade. *Mr. Brown.* We have now shown by these parties that they gave no order for the purchase of grain to fill, and we propose to show by these parties that they had no intent of doing so; and we propose to show, by further evidence, that this dealing was in the name of L. S. Hammond,

and that he had accounts with this man,—a number of them,—in which there were no deliveries or receipts, and that such accounts had been standing for the space of two years. *Q.* Did you at the time of this deal with Mr. Kenyon, or at any other time, deal in wheat, or have wheat? (Objected to by the plaintiff. The witness has already stated that he had no wheat.) *The Court.* Yes, he has testified to that. I will sustain the objection as to whether he at any time had wheat. (Exception by defendants.) I was in Mr. Hammond's office from 1879 to 1881. *Q.* Did you know of other accounts than account W, with Kenyon & Co.? (Objected to by plaintiff.) *The Court.* I will sustain the objection. *Mr. Brown.* We offer to show in behalf of defendants that there were half a dozen accounts in existence at the time of this deal, and for two years prior thereto, involving large sales and purchases of future grain between L. S. Hammond and Mr. Kenyon, and that during that time none was received or delivered. (Plaintiff objected to the evidence as incompetent and immaterial. Court sustained the objection. Defendants excepted.) *Q.* At the time of this order, Mr. Luther, did you intend to sell any wheat? (Plaintiff objected to the question as incompetent and immaterial. Court sustained the objection. Defendants excepted.) *Q.* Did you intend to purchase any wheat to fill this order? (Plaintiff objected as before. Court sustained the objection. Defendants excepted.) *Q.* Did you intend at the time that you gave this order to settle the difference between the price at which it was sold and the market price at the future day? (Plaintiff objected as before. Court sustained the objection. Defendants excepted.)" The defendant Upham was also called as a witness, and was asked: "Was it your intention at the time this contract was made to tender or call for the grain, or merely to settle upon the difference? (Plaintiff objected as before. Court sustained the objection. Defendants excepted.)"

From these proceedings it will be observed that the defendants offered to prove by their own evidence that, when the contract in question was made, they had no intention of purchasing or holding wheat; and that they sought to prove that it was the intent of the parties at the time the contract was made that no grain should be delivered, but simply the difference paid. This they attempted to establish, not only by their own evidence as to their intent in that respect, but also by the course of dealing between the plaintiff and L. S. Hammond, in whose name the contract was made. This evidence was objected to by the plaintiff as incompetent and immaterial, the court sustained the objection, and the defendants duly excepted. The correctness of those rulings is challenged by the defendants, and presents one of the most important questions involved on this appeal. As we have already seen, the defendants assailed the validity of the contract sought to be enforced on the ground that it was a wager, and consequently void. If, when this contract was made, the parties did not intend to sell or purchase the wheat mentioned, but simply intended that the difference should be paid according to the fluctuations in the market, then the contract was void. *Bigelow* v. *Benedict,* 70 N. Y. 202; *Story* v. *Salomon,* 71 N. Y. 420; *Kingsbury* v. *Kirwan,* 77 N. Y. 612; *Yerkes* v. *Salomon,* 11 Hun. 471; *Ball* v. *Davis,* 1 N. Y. St. Rep. 517.

While, in the absence of evidence to the contrary, an illegal intent will not be presumed, but an opposite presumption will arise, (*Bigelow* v. *Benedict* and *Story* v. *Salomon, supra,*) yet we think the defendants were entitled to prove that their intention was simply to pay differences, and not purchase wheat, (*Yerkes* v. *Salomon, supra.*) This might not have been sufficient to have sustained their defense, (*Murray* v. *Ocheltree,* 59 Iowa, 435, 13 N. W. Rep. 411,) but it was a step in that direction which they should have been permitted to take. Moreover, they also offered to prove the course of dealing between the plaintiff and the person in whose name the contract was made, and thus show circumstances which might have established or tended to establish the fact that the same intent existed on the part of the plaintiff.

*Lowe* v. *Young,* 59 Iowa, 364, 13 N. W. Rep. 329. We are of the opinion that this evidence was admissible, and that the court erred in excluding it. We cannot hold that these errors did no harm. We are unable to say that if the defendants had been permitted to prove their intent and the course of dealing between the plaintiff and the person in whose name the contract was made that they would not then have furnished evidence which would have been sufficient to have established their defense, or, at least, sufficient to have made a question of fact for the jury. Judgment reversed, and a new trial granted on the exceptions, with costs to abide the event. All concur.