`JOHN H. DWIGHT and Another, Respondents, *v.* HOWARD G. BADGLEY, Appellant.

*Wager contracts — the intention of one party to such a contract may be shown — evidence of similar prior transactions between the parties incompetent — evidence as to a general custom.*

In an action brought to recover for certain grain sold by the plaintiffs to the defendant a defense was interposed that the contracts were in violation of the statute as to betting and gaming (R. S., part 1, chap. 20, tit. 8, art. 3, § 8 [3 R. S., 8th ed.], p. 2218), in that the parties had no intention of making an actual sale and delivery, but intended the one to pay to the other the difference between the contract and the market-price of the commodity in question.

*Held,* that the defendant might show that it was his understanding and intention that none of the grain in question should be delivered to him, but that the difference in the market-price should be adjusted between the parties.

That it was not competent for the defendant to show similar transactions between the parties which took place prior to the bringing of the present action.

Before evidence is competent to show what a general custom is, it must be shown that a general custom exists.

Appeal by the defendant Howard G. Badgley from a judgment, entered in the clerk's office of the county of New York on the 25th day of April, 1890, in favor of the plaintiff for $2,652.17; and also from an order, entered in said clerk's office on the 1st day of May, 1890, denying defendant's motion to set aside the verdict directed by the court herein, and for a new trial, after a trial had before the court and a jury at the New York Circuit.

*Edwin R. Leavitt,* for the appellant.

*Robert Sewell,* for the respondents.

Lawrence, J. :

The complaint alleges that the defendant is indebted to the plaintiff in the sum of $1,997.50 upon an account for certain goods purchased, services rendered and moneys advanced between certain specified dates; that payment of said sum has been duly demanded, but that no part thereof has been paid.

A bill of particulars, showing the account between the parties, follows the complaint in the printed case, by which it appears that the amount claimed by the plaintiffs is due to them.

The defendant in his answer denies, among other things, any indebtedness to the plaintiffs, and avers, as an affirmative defense, that the plaintiffs, at the times mentioned in the complaint, were not dealers in the merchandise mentioned therein, nor had they possession or control thereof. Also, "that at the times mentioned in said complaint, and any and all transactions mentioned in said complaint, between these plaintiffs and this defendant, were had with the intent of the parties hereto not to make any actual sale or delivery thereof, but at maturity of the said contracts or transactions, that the difference between the market-value and the contract-price should be paid by one party to the other."

"That the market-price of such merchandise at the maturity of the contracts was, at the times of making the contracts, contingent and uncertain; and that the contracts were mere wagers on the future market-price thereof, and contrary to the statute."

The learned justice before whom this cause was tried, at the conclusion of the evidence of both parties, directed a verdict in favor of the plaintiffs for the sum of $2,357.05, which verdict the defendant's counsel moved to set aside, as contrary to law. He also moved for a new trial upon the minutes and upon the exceptions taken, and upon all the grounds stated in section 999 of the Code of Civil Procedure. This motion being denied, the defendant's counsel excepted.

We will consider the exceptions taken by the defendant's counsel in the order in which they appear in the case. On the cross-examination of Mr. Hodge the broker of Dwight & Gillette, through whom the sales and purchases for the defendant were effected, the witness was asked this question : "Was that wheat ever delivered to Mr. Badgley ?"

It appeared by his previous testimony that, prior to the transactions involved in this action, the witness had other transactions, with Mr. Badgley, the defendant, on account of the firm of Dwight & Gillette, the plaintiffs. We think the ruling of the learned justice was correct.

In this case it is sought to stamp a transaction as illegal, as being in contravention of the provisions of the Revised Statutes against wagers or gaming. The statute is penal in its nature, and the burden of proof is upon the defendant to establish the illegality of the

contract. (*Story* v. *Salomon*, 71 N. Y., 420.) Even if the parties had been guilty of entering into illegal contracts prior to the transactions upon which this action is based, as the plaintiffs are entitled to the strictest proof in this case, we think that proof of former transactions alleged to be illegal, not embraced within the times specified in the bill of particulars was not competent.

The next exception was to the exclusion of the question of the case as follows: "Q. At the time of making these contracts for the purchase of this wheat and corn, was it not your intention and the intention of Mr. Badgley to adjust the differences between the market-price in buying and the market-price in selling?" The exception was not well taken. The question was too broad. It called not only for the intention of the witness, which might have been admissible, but also for the intention of the defendant. As to the defendant's intention, the witness was clearly incompetent to speak.

The exception to the ruling as to what was the general custom as to the delivery of the wheat or corn cannot be sustained, for the reason that no such custom is pleaded, and because no evidence had been given tending to show that the parties had any knowledge of such custom, nor that any general custom existed in relation to such transactions as are involved in this controversy.

The establishment of the existence of a general custom by evidence should have preceded the question which was put to the witness, and before such custom was established the witness could not properly be called upon to give a statement as to what the custom was. (*Harris* v. *Tumbridge*, 83 N. Y., 93.)

The observations just made apply with equal force to the exception, upon disallowing the questions to the defendant Badgley as to his transactions with the plaintiffs prior to December 30, 1886. The question put to the defendant as to his intention and understanding that none of the grain should be delivered to him, but that the difference in the market-price should be adjusted between the parties, should, we think, have been allowed. While the answer to it would not have conclusively shown what the intention of the plaintiffs was in entering upon the course of dealings with the defendant, referred to by the witness, it involved an answer which the defendant was entitled to have presented to the jury, and which might have aided them in determining what was the real

intention of the parties. (*Peck* v. *Doran & Wright Co.*, 10 N. Y. Supp., 401 ; 57 Hun, 343 ; *Kenyon* v. *Luther*, 4 N. Y. Supp. 498, and cases cited.)

The case of *Kenyon* v. *Luther* (*supra*), decided by the General Term of the fourth department, is directly in point. That was an action brought to recover for commissions earned and losses sustained by plaintiff under a contract with the defendant for the sale of a large amount of wheat. The defense set up was that such contract was intended as a cover for a gambling transaction, and that it was illegal and void under the statute. Upon the trial the defendants were asked directly whether they intended at the time to purchase or hold any wheat; or to sell any wheat; or whether it was their intention to tender or call for the grain, or were to settle the difference between the price at which it was sold and the market-price at the future day.

The questions calling for the intention of the defendants were objected to by the plaintiff's counsel, and the objections were sustained. Upon appeal it was held that the exclusion of the questions was error; that the defendants were entitled to show what their intention was, and that such evidence should have been submitted to the jury. Upon a subsequent appeal, after a verdict had been rendered in favor of the defendants, the court affirmed the judgment. (See 10 N. Y. Supp., 951.)

For the error of the learned justice in excluding this question we are of the opinion that the judgment should be reversed and a new trial ordered, with costs to appellant to abide event.

Daniels, J.:

If the question as to the defendant's intention had been answered, it might have been followed by further evidence indicating the intention of the plaintiffs to have been the same. But, without an answer to this question, it would be useless to offer to make such further proof. If the answer had been taken the defendant might also have been in a position to submit the further inquiry to the jury, from the course of the dealings concerning the subject in controversy, whether that was not also the intention of the plaintiffs. By excluding the answer the defendant was not only deprived of this position, but the evidence, if it could have been given of the intention of the

plaintiffs, was rendered wholly inoperative. In this class of cases all pertinent evidence should be received to discover the true nature of the transactions. The design generally is to avoid exposure and evade the law, and that should be prevented when it can be done by receiving in evidence all pertinent answers having the effect of disclosing the true nature of the transactions.

I agree with Mr. Justice LAWRENCE that there should be a reversal of the judgment and a new trial.

VAN BRUNT, P. J. (dissenting):

Although I agree that it was error to exclude the question as to what the defendant's intentions were, such error in no way injured the defendant, because, in the absence of proof that the plaintiffs had a similar intention, the defendant's intention would not make the contract void. It is true that an attempt was made to prove what the intention of the plaintiffs was, but not by competent evidence.

The defendant, not sustaining any injury by the exclusion of the question relating to his own intention, the judgment should not be reversed because of that error.

I think, therefore, that the judgment and order should be affirmed, with costs.

Judgment reversed and new trial ordered, with costs to appellant to abide event.