PAUL FRANKFURTER, Plaintiff, *v.* HERMAN SILVERMAN, Defendant.

City Court of New York, February 26, 1925.

Brokers — stockbrokers — action for purchase price of thirty-day put on shares of stock — fact that plaintiff secured puts from others does not destroy plaintiff's equity in action — option deemed thirty-day option in absence of agreement between parties — option not void as wagering contract — plaintiff's motion for summary judgment granted.

In an action for the purchase price of a thirty-day put on certain shares of stock, plaintiff's motion for summary judgment should be granted, where the complaint alleges that the defendant agreed to purchase the said put and agreed to pay therefor, and defendant's answer, though setting up denials and separate defenses, admits the agreement and refusal to pay said purchase price, since the said denials and defenses raise no issue of fact for a jury.

The fact that plaintiff agreed to purchase the puts from others does not relieve the defendant from liability in the absence of proof of privity of contract, or agency.

The option contained in the contract, which was delivered on December twenty-fourth, will be deemed a thirty-day option, in view of the provisions of section 20 of the General Construction Law, in the absence of an agreement to the contrary, notwithstanding the intervention of a holiday within the thirty-day period. Nor is the option illegal as a wagering contract and void as against public policy in that there is no intent to deliver, but merely an intent to settle the differences according to the rise and fall of the stock market.

MOTION by plaintiff for summary judgment and by defendant for judgment on the pleadings in an action on a check.

*Goldsmith & Fraenkel,* for the plaintiff.

*Charles Marks,* for the defendant.

SHIENTAG, J.:

These are cross-motions, one by plaintiff for summary judgment, and the other by defendant for judgment on the pleadings, on the ground that it appears on the face of the complaint that plaintiff is not the real party in interest. The action is to recover $412.50. The complaint contains two causes of action. The first is on a check made and delivered by the defendant to Hesslein & Co.; the assignment to plaintiff and non-payment being alleged. The second cause of action sets forth the transaction which gave rise to the giving of the check.

As to this cause of action the complaint alleges that defendant requested plaintiff to purchase a thirty-day put on certain shares of stock, defines a put, and sets forth a promise by defendant in consideration of plaintiff obtaining such put to pay $412.50. It contains further allegations as to the firm from which the puts were secured, and also the fact that the puts were thereafter delivered

City Court of New York, February, 1925. [Vol. 124

by plaintiff to defendant, together with a description of the put agreements delivered and the names of the parties to said agreements, as well as their responsibility. Defendant admits the allegations of the first cause of action, except that he denies that the check was given for a valuable consideration.

As to the second cause of action defendant admits, by not denying, that he requested plaintiff to purchase for him a put as alleged in the complaint, and that he agreed to pay the sum of $412.50 for a thirty-day put. He also admits that he refused to pay said sum, though duly demanded. The allegation that the thirty-day put was secured is denied. He admits the delivery to him by plaintiff of written agreements for puts as set forth in the complaint. He denies that plaintiff obtained a thirty-day put, as alleged, and denies knowledge or information sufficient to form a belief as to the responsibilities of the parties to said put agreements. The definition of a thirty-day put, as alleged in the complaint, is denied by defendant, except that he admits it applies when the first day of a thirty-day put is not a legal holiday.

Four defenses are set up: (1) That the complaint does not set forth facts sufficient to constitute a cause of action; (2) that the facts set up are in the nature of a speculation and against public policy and void; (3) that the consideration for the giving of the check failed, in that a twenty-nine-day put, instead of a thirty-day put, was delivered; and (4) that neither plaintiff nor his assignor are the real parties in interest.

Taking up the defenses in inverse order, the complaint specifically alleges an agreement by plaintiff to purchase the put and the promise by defendant to pay therefor. Here, unless something to the contrary is shown, plaintiff is the real party in interest. The fact that plaintiff was to secure, or did secure, the puts from others, does not change the situation. There is no privity of contract between defendant and such other parties shown, nor is there raised the question of agency.

The claim that the option was a twenty-nine and not a thirty-day option is untenable. The claim is based on the ground that, as the option was procured on December twenty-fourth and the next day was a legal holiday, its expiration date, though thirty days from the twenty-fourth, was as matter of law but twenty-nine days from the procurement, inasmuch as the holiday following the twenty-fourth could not be included in the reckoning of the time. The rule for the computation of time is laid down in section 20 of the General Construction Law (as amd. by Laws of 1910, chap. 347), and must govern, unless it be shown that the agreement between the parties was subject to a different rule, or that there

was a custom in the purchase or sale of options, known to both parties, whereby a different method of computation governed. There are no facts set up in the opposing affidavits tending to show that such was the case.

The next defense to be considered is the one that the agreement is a speculative or wagering contract and void as against public policy. A put is what is known as an option contract. Such contracts are not illegal, unless there is no intent to deliver, but merely an intent to settle and pay the differences according to the rise or fall of the market. In the absence of evidence to the contrary it will be presumed that such contract was made in good faith, with intent to perform. The burden of proof that the transaction is a gambling one is for the party asserting it. (*Bigelow* v. *Benedict*, 70 N. Y. 202; *Story* v. *Salomon*, 71 id. 420.)

Defendant nowhere asserts, either in his answer or in the affidavit submitted in opposition to the motion, that there was any intention that the transaction here sued on was intended as a mere cover for a bet or wager, except the concluding statement in his affidavit that " it was not the intention of the parties to buy or sell stock," which statement of itself, without any statement of fact to support it, is without probative force. A supplemental affidavit by defendant supplies what is meant by the foregoing statement, and in such explanation it clearly appears that, contrary to his assertion that no delivery was contemplated, " that a purchase would be made in the open market against that paper [the put] and that the stock so purchased would be delivered to the signers of the privilege." A cause of action is set forth, not only on the check, but also on the contract. The denials, defenses and affidavits submitted raise no issue.

Defendant's motion for judgment is denied. Plaintiff's motion for summary judgment is granted. Orders signed.