[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 232 
The appellant sustained no injury from the parol proof of the contract. The answer does not deny the making of the contract as alleged in the complaint, but sets up facts avoiding it, under the statute of frauds. The exception to this proof is not, therefore, available. The constitution and by-laws of the New York Gold Exchange were competent evidence. The parties were both members of the association, and had both subscribed the constitution. By this, and the by-laws made by the members in pursuance *Page 234 
thereof, the mode of performing contracts of the kind in question between members is prescribed, and for this purpose, these become a part of the contract.
The finding, by the trial judge, of the fact that the contract was for the sale by the plaintiff to the defendant of $40,000 of gold, to be paid for by the latter in currency at the stipulated price, if correct, entirely obviates the objection of the counsel for the appellant, that the contract is made void by the statute prohibiting betting and gaming. (1 R.S., 662.) The testimony supported this finding, and this court cannot consider that, if any in conflict therewith.
A contract for the sale of gold to an amount exceeding fifty dollars, is equally within section 3 (2 R.S., 136) as that for the sale of any other personal property. When the subject of such a contract, it is regarded, not as money, but as a commodity; and the contract must be made in compliance with the statute of frauds, or it will be void. None of the gold was delivered to and accepted by the defendant, nor did the latter pay any part of the purchase-money. The inquiry is, therefore, whether there was a note or memorandum of the contract signed, as required by the first subdivision of section 3. The verbal contract was made on the 23d of September, 1869. By the constitution and by-laws of the association it was to be performed by the delivery of the gold, by the vendor, for the purchaser, at the Gold Exchange Bank of New York; and the purchaser was then to receive it, and pay to the bank the purchase-price, for the vendor. This was to be done under the present contract, if valid, at a specified hour on the twenty-fourth. The bank, by the constitution and by-laws, was made the agent of both parties for the consummation of the contracts of members. Before eleven o'clock on the twenty-fourth of September the plaintiff delivered to the defendant the following instrument:
"New York, September 24, 1869. To the cashier of the New York Gold Exchange Bank: You are advised that we shall settle through the Clearing Department, to-day, with Albert Speyers, $57,500, currency, for $40,000 of gold." *Page 235 
This was properly subscribed; and in the left margin were the words "deliver gold." At the same time, the defendant delivered to the plaintiff the following instrument, duly subscribed by his authorized agent:
"No. 106. New York, September 24, 1869. New York Gold Exchange Bank. To the cashier: You are advised that I shall settle through the Clearing Department, to-day, with Peabody, for W.B. Sancton, $57,500 currency for $40,000 gold."
On the left margin were the words "receive gold." All the previous acts of the parties rested entirely in parol, without any writing except the entries that each had made of the contract, in a book kept by him; and there was nothing in these entries taking the case out of the statute of frauds. The inquiry is whether it is so taken by the above instruments. These relating to the same subject and delivered at the same time must be construed together; and also in the light of the constitution and by-laws of the association, showing the manner of performing contracts for the sale and purchase of gold by the members. By the latter we have seen that officers of the bank were constituted agents of both parties for the performance of their contracts. Now, what is the fair meaning of these instruments, so construed? I think, as to this there can be little doubt after reading the constitution and by-laws. They can only mean that the plaintiff agreed to sell and deliver to the defendant that day $40,000 of gold, for which the latter agreed to pay the plaintiff $57,500 in currency, at the time of delivery; the gold to be delivered by the plaintiff, for the defendant, to the clearing department of the bank, and the currency paid in there for the plaintiff, as provided by the constitution and by-laws of the association. It is said by the counsel for the defendant that the instruments would have been in the same form had the transaction been a loan instead of a sale of gold by the plaintiff to the defendant. If this be so, and the defect be not otherwise supplied, the contract is not valid, for the reason that the *Page 236 
instrument subscribed must show, either by itself or by reference to some other writing, what the contract really was, and its terms, unaided by parol proof, further than what is requisite to give a knowledge of the meaning of terms, phrases and abbreviations found in the writing. But the papers show that the plaintiff was to deliver and the defendant to receive the gold on the day in question, and that the defendant was at the same time to deliver and the plaintiff to receive the stipulated amount of currency therefor. This, in the absence of anything showing the contrary, is a sale of the gold, all the terms of which are specified in the writings. If a loan of gold secured by the currency was intended, the papers entirely fail to show it. The writing, therefore, proves a contract, valid, within the statute of frauds. But if it be conceded that the two instruments which have been thus far considered are indeterminate in their terms, and leave it in doubt whether the real transaction between the parties was a sale, a loan, or a deposit, it does not follow that the contract to which they relate must be deemed invalid, if, by any other writing signed by the proper party, the defect can be supplied. The thing requisite to the validity of the contract is that it shall be manifested by writing, signed by the party to be charged. It matters not in how many papers the contract is contained, so that the substance of the statute is complied with. The defect, if any, in the two papers first considered is, that while they disclose all the other particulars of the contract, they do not determine whether it is a contract of sale, or loan, or deposit. This defect, we think, is entirely supplied by the letter signed by the defendant and addressed to Messrs. Belden 
Co., on the day of the making of the contract. This shows the contract to have been, in fact, one of purchase and sale, and that by it the defendant bought the gold of Peabody, at the price mentioned. It is true that this paper also discloses that the purchase was on account of Wm. Belden Co., as between that firm and the defendant. But that fact was not disclosed to the plaintiff; and where a *Page 237 
purchase is made on behalf of an undisclosed principal the agent is personally bound.
It is argued that, inasmuch as resort is necessary to the writing to prove the contract, it discharges the agent, by the disclosure of the principal, as effectually as it fixes the character of the transaction to have been a purchase. But this does not follow. The writings are, together, only the evidence of the contract; and the non-disclosure, in fact, to the plaintiff that the defendant was dealing on account of others, will leave him personally liable to the plaintiff. This seems to be a necessary consequence of the proposition that a writing signed by the proper party, to be charged and addressed to a stranger, though it did not at the time come to the knowledge of the other party to the contract, may be deemed a part of the sufficient memorandum required by the statute. The nominal party was the apparent and actual party so far as the other contractor was concerned, and was shown to be such by the written memoranda, of which both parties at the time had knowledge. That he is compelled to resort to a further writing to fix and determine the character of the transaction, and thus to complete the written evidence of the contract, ought not to affect his rights in a particular in which the writings known to both the parties were sufficient and definite when there is no absolute irreconcilability between them. Such is the case before us. By the two instruments first considered the defendant was the purchaser, and is to be deemed so in respect to the plaintiff, with whom he dealt as purchaser. That the other paper shows him to have bought for a principal, as between him and the principal, is entirely consistent with his being deemed himself the principal and purchaser, in so far as the plaintiff is concerned. That the paper in question, though addressed to third parties, may be used as evidence of the contract, under the statute, is decided in Gibson v. Holland (L.R. [1 Com. Pl.], 1), where the subject is fully considered, and where many analogous decisions under other sections of the statute of frauds are stated, and shown to support the conclusion announced. We are, *Page 238 
therefore, of the opinion that in either view of the case, the contract in suit appeared to be sustained by sufficient written evidence under the statute.
The judgment must, therefore, be affirmed.
All concur, except RAPALLO, J., not sitting.
Judgment affirmed.