ELLEN M. BIGELOW, ADMINISTRATRIX, AND OTHERS, RESPONDENTS, v. CHARLES B. BENEDICT, APPELLANT.

*Wager contracts.*

The validity of a contract to sell and deliver gold or silver coin at a future day, at a stipulated price, depends upon whether it was intended as an actual sale of the gold or silver therein specified, or whether it was intended merely as a wager, there being no intention of performing the contract, which was used merely to fix the sum which the losing party should pay.

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

In April, 1866, Merritt C. Bigelow, the plaintiff's intestate, commenced an action against the defendant to recover damages for a breach of the following contract, which he set out in his complaint:

"Attica, *January* 23, 1865.

"Know all men by these presents that I, Charles B. Benedict, for and in consideration of the sum of $250, good and lawful money of the United States, to me in hand paid, the receipt of which is hereby acknowledged, do agree to receive from M. C. Bigelow, at any time within six months from date, when he may choose to deliver the same, $2,500 in gold coin of the United States, for which I agree to pay to said Bigelow ninety-five per cent premium on the dollar, or at the rate of $195, in good current funds, for each and every one hundred of coin. The said Bigelow does not contract to deliver the coin, but pays the $250 for the privilege of delivering or not, at his option.

(Signed)　　　　" C. B. BENEDICT."

The complaint alleged a tender of the gold by Bigelow, and a refusal on the part of the defendant to receive it and pay the premium thereon.

The defendant demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

The issue of law was tried before Mr. Justice Daniels, who gave judgment for the plaintiff on the demurrer, upon the sole ground that the complaint contained a cause of action as to the $250 advanced as a consideration by the plaintiff, but held that the contract was void as being a mere bet or wager. Leave was given to the defendant to answer over.

The judge before whom, without a jury, the action was tried on the issues raised by the answer, found that the contract was not a wager contract, and directed judgment for the plaintiff.

*A. P. Laning* for the appellant. The agreement in question is void, being in violation of the provisions of the Revised Statutes against betting and gaming. (1 R. S. [2d ed.], 666, § 8.) Although the agreement has somewhat the form of an agreement for the sale

and purchase of gold, it is apparent upon its face, and such is its legal import, that this feature is but a mere disguise, and that a sale or purchase was not desired or intended. (*Girzewood* v. *Blane*, 20 E. L. and E., 290; *Ranke* v. *Short*, id., 219; *Parsons* v. *State*, 2 Cart. [Ind.], 499; *Hizer* v. *State*, 12 Ind., 330.) In respect to the nature and validity of the agreement, the option allowed to the plaintiff has very great force. The fact that he was not by the terms of the contract obliged to deliver it, is pretty conclusive that the defendant did not wish to purchase and the plaintiff did not have the gold to deliver. This circumstance is controlling as to the intention of the parties. (*Cassard* v. *Hinman*, 1 Bosw., 207; *Hall* v. *Bergen*, 19 Barb., 122; *Marcan* v. *Langley*, 8 Shep., 26; *Danforth* v. *Evans*, 16 Vt., 538; *Graves* v. *Rogers*, 11 Ala., 543; *Vromwell* v. *Gordon*, id., 656; *Lipe* v. *Firiarity*, 6 Clark's Iowa, 394; *Judd* v. *Burnett*, 14 Ind., 25; *Cooper* v. *Brewster*, 1 Minn., 94; *Ruckman* v. *Pitcher*, 1 N. Y., 392; *Matter of P. K. Chandler*, 13 Am. L. R. [N. S.], 310; *Pickering* v. *Cease*, Sup. Ct. Ill., rep. 8 Chi. Leg. News, 43, p. 340; *Lyon* v. *Culburtson*, id., 20, p. 153.)


*L. M. Thayer*, for the respondents.


E. DARWIN SMITH, J.:

Upon the face of the contract set out in the plaintiffs' complaint, and upon which this action is brought, I should find no difficulty in concurring in the opinion of Judge DANIELS, delivered when the case was before him at Special Term upon demurrer, that the said contract was a mere bet or wager contract. He overruled the demurrer and required the defendant to answer, upon the ground that the plaintiff was entitled to recover the $250 paid to the defendant, as acknowledged in said contract. This ground of action was relinquished at the trial, and the plaintiff can only recover upon the ground, in opposition to the opinion of Judge DANIELS, that the said agreement was a valid contract for the purchase of the $2,500 in gold coin of the United States as therein stated.

The learned judge who tried the cause at the Circuit, without a jury, has found as matter of fact: "That prior to and at the time

of the making of said contract, the said defendant was engaged in the business of banking as a private banker, and had been and was engaged among other things in purchasing gold coin to hold, and said contract was made in the usual course of business, and was not a bet or wager, as alleged in the defendant's answer to said complaint."

It is doubtless true that a contract to sell gold or silver coin, and deliver it at a future time, for currency, at a stipulated price, may be a valid contract, and will be valid if it was intended, in fact, to be an actual sale and not a mere wager contract.

This is so held or recognized in *Peabody* v. *Speyers* (56 N. Y., 230); and in *Cameron* v. *Durkheim* (55 id., 425); and in *Cooke* v. *Davis* (53 id., 318).

In the case of *Peabody* v. *Speyers*, Judge GROVER said that " the finding of the trial judge of the fact that the contract was for the sale by the plaintiff to the defendant of $40,000 of gold, to be paid for by the latter in currency at the stipulated price, if correct, entirely obviated the objection of the counsel that the contract was made void by the statute prohibiting betting and gaming."

That is precisely like the present case.

The contract clearly admits the construction put upon it by the trial judge at the Circuit. The actual payment of the $250 in hand was to be absolutely forfeited if Bigelow failed to perform the contract. This may be regarded as a penalty for such non-performance on his part, and it is certainly a good consideration for the agreement of the defendant to receive and pay for the gold coin at the price and time stipulated in the contract. In this view the contract is, doubtless, an optional one so far as related to Bigelow, but not at all optional on the part of the defendant. He was bound to receive and pay for the gold at the stipulated price. An optional contract is not invalid when it is made upon a good consideration. It is only objectionable when it is, in fact, a mere gaming contract. When contracts for the sale of merchantable articles have been held gaming contracts, the parties never expected or intended there should be performance in fact, but that they should merely operate to fix the price, which the losing party should pay on the settlement of a loss or profit depending upon the rise or fall of the property in the market.

Such was the case of *Grizewood* v. *Blane* (73 Eng. Com. Law, 525), where it was held that a colorable contract for the sale of railway shares, where neither intended to deliver or accept the shares, but merely to pay differences according to the rise or fall in the market, was a gaming contract.

In *Brua's Appeal* (55 Penn., 298) the court say, that "a contract to purchase stock without an intention to deliver or receive same is a gaming contract."

And this is the rule asserted in the case of *The Matter of Chandler* (13 American Law Register, 310). In that case the option was to deliver oats at a particular price within a time specified. Upon the proofs in the cause the learned judge decided as matter of fact that neither party expected to fulfill the contract; that the contract was simply to be used or referred to in the settlement of differences, as to the value of the oats at the time specified.

The question in the last mentioned case, and in all the cases referred to, is treated as one of *intention* to be derived or inferred from the existing and extrinsic facts and circumstances of the case. It is in this view that the finding of the learned judge at the Circuit that the contract was made in the usual course of business and was not a bet or wager, must be regarded as giving the true construction of said contract. As such finding is not unwarranted by the evidence, the decision of the learned judge must stand, and the judgment should be affirmed.

Judgment affirmed.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Ordered accordingly.