ARNOLD LEO et al., Comprising the Firm of ARNOLD LEO & Co., Respondents, v. JOHN L. McCORMACK, Appellant.

1. PRINCIPAL AND AGENT — FRAUD OF PRINCIPAL A DEFENSE TO ACTION BY AGENT TO RECOVER PURCHASE PRICE OF STOCK SOLD. A defense that the owner of stock induced its sale by fraud is available to the purchaser in an action to recover the purchase price, brought by the broker who made the sale, since the relationship existing between a Stock Exchange broker and a customer is not so peculiar as to exempt it from the ordinary principles and rules of agency.

2. WHEN PRINCIPAL'S FRAUD NO BAR TO RECOVERY OF AMOUNT ADVANCED HIM BY BROKER ON STOCK SOLD. Where, however, the stock sold was held on margin, the broker has a lien thereon to the amount of his advances, and if not a party thereto, his principal's fraud is no bar to a recovery of such amount.

*Leo* v. *McCormack*, 105 App. Div. 642, reversed.

(Argued October 11, 1906; decided November 13, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 16, 1905, affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William J. Leitch* for appellant. In the execution of his client's order for the purchase or sale of stock a broker is an agent. (26 Am. & Eng. Ency. of Law [2d ed.], 1055 ; 1 Dos Passos on Stockbrokers [2d ed.], 219, 227, 228, 297 ; Helliwell on Stock & Stockh. 360, § 196 ; 2 Cook on Corp. [5th ed.] 777, 903, 909, 916, 928 ; *Zimmerman* v. *Heil*, 86 Hun, 114 ; 156 N. Y. 703 ; *Northrup* v. *Shook*, 10 Blatchf. 243 ; *Galligher* v. *Jones*, 129 U. S. 193 ; *Taussig* v. *Hart*, 58 N. Y. 425 ; *Porter* v. *Wormser*, 94 N. Y. 431 ; *Clews* v. *Jamieson*, 182 U. S. 461 ; *Prout* v. *Chisolm*, 21 App. Div. 54.) The title to the stock tendered to defendant was in plaintiffs' principals and the plaintiffs' only interest therein was as pledgee. (*Markham* v. *Jaudon*, 41 N. Y. 235 ; *Gruman* v. *Smith*, 81 N. Y. 25 ; *Rothschild* v. *Allen*, 90 App. Div. 233 ; *Douglas*

v. *Carpenter*, 17 App. Div. 329 ; *Matter of Pierson*, 19 App. Div. 478 ; *Le Marchant* v. *Moore*, 150 N. Y. 209 ; 26 Am. & Eng. Ency. of Law [2d ed.], 1057 ; Jones on Pledges & Coll. 526, § 495 ; *Caswell* v. *Putnam*, 120 N. Y. 153 ; *Taussig* v. *Hart*, 58 N. Y. 425 ; *Harding* v. *Field*, 1 App. Div. 391 ; *Horton* v. *Morgan*, 19 N. Y. 170.)

*Herbert Noble* and *Massey Holmes* for respondents. The plaintiffs and the defendant were principals in the contract for the sale and purchase of the stock ; the relation between plaintiffs and Cosmides was not that of principal and agent in any sense which could enable the fraudulent scheme of Cosmides to be imputed to plaintiffs so as to defeat a recovery in this action. (Dos Passos on Stockbrokers [2d ed.], 751 ; *M. T. & S. Co.* v. *Ward*, 133 Fed. Rep. 70 ; *Nourse* v. *Prime*, 4 Johns. 490 ; *Horton* v. *Morgan*, 19 N. Y. 170 ; *Markham* v. *Jaudon*, 41 N. Y. 235 ; *Baker* v. *Drake*, 53 N. Y. 211 ; *Stenton* v. *Jerome*, 54 N. Y. 480 ; *Gruman* v. *Smith*, 81 N. Y. 25 ; *Gillett* v. *Whiting*, 120 N. Y. 402 ; *Caswell* v. *Putnam*, 120 N. Y. 153 ; *Zimmerman* v. *Heil*, 86 Hun, 114 ; *Harding* v. *Field*, 1 App. Div. 391.)

HISCOCK, J. The plaintiffs and defendant are brokers, the latter dealing on the curb. The former, acting for certain customers, sold to the latter, acting for an undisclosed customer, 150 shares of stock at $40.00 per share, and this action is brought to recover said purchase price. The defendant has refused to pay the same upon the ground that the persons owning said stock were guilty of fraud in effecting its sale to him, and that such fraud constitutes a defense against plaintiffs, who were their agents. The learned courts below have respectively directed and affirmed the direction of a verdict for plaintiffs upon the ground that the ordinary rules of principal and agent did not apply to the plaintiffs as brokers. We think such error has been committed in this disposition of the case as calls for a reversal of the judgment.

Prior to the date of the sale in question plaintiffs, acting as

brokers, had purchased and were then carrying upon a margin for one Uhren fifty shares, and for one Cosmides upwards of one hundred shares, of the capital stock of the Snap Hook and Eye Company. Said customers ordered plaintiffs to sell on the curb Uhren's stock and one hundred shares of that belonging to Cosmides. Before this order and the hour of its execution these customers, acting with others, had concocted a contemptible fraud by which to entice the defendant to buy said stock so ordered to be sold, which was absolutely worthless, for an utterly irresponsible purported customer, and the defendant fell a victim to the scheme. Defendant's pleadings have prevented him from establishing, if he could have done so, that plaintiffs were parties to or cognizant of the scheme when they received and executed the order of the conspirators.

We do not gather that the courts below doubted, or that the plaintiffs deny, that the fraud of plaintiffs' customers would, under ordinary circumstances, be a bar to an action brought by an agent to enforce a contract made in their behalf. It has, however, been strenuously urged and thus far found that there is something so peculiar about the relation between a broker and his customer that the same is not subject to the ordinary principles and rules of agency. It very likely may be conceded that, as the result of long usage and of various rules made by the Stock Exchange, some exceptions have been engrafted upon the general rules of principal and agent for the particular benefit and help of brokers. But we are aware of no reason and no adjudication which should or does exempt such relationship from the fundamental principles which are applicable to other phases of the relation of agency. In this particular case, upon the order and request of Cosmides and Uhren, the plaintiffs had bought for them certain shares of stock which they then held and carried for their respective accounts. These parties ordered plaintiffs to sell said stock and they did so, delivering, as it appears, the identical certificates which had been taken and carried for their customers. Under such circumstances, it would require

some justification with which we are unacquainted to lead us to say that the customers were not the principals and that the plaintiffs were not their agents in the transaction and governed as such by the general rules of law upon that subject. Reaching this conclusion, it is, as we have said, substantially conceded that the fraud of the customers is to be imputed to the plaintiffs as their representatives.

There is, however, still another aspect to this case. The plaintiffs had received margins from their conspiring customers to the apparent extent of about fifty per cent of the price originally paid for the stock, which was about forty dollars per share. The balance of this purchase price the brokers had advanced, and for this amount they were pledgees in possession of, and having a lien upon, the stock. Their customers were not entitled to effect a sale of the stock without the concurrent action of the brokers as pledgees, and, therefore, in making the sale the plaintiffs acted in a dual capacity of brokers and agents for their customers and as pledgees in their own behalf for the amount which they had advanced. As to their own interest as pledgees, we think it may be said that they acted as principals and, therefore, are not contaminated by or charged with the fraud of their customers so as to prevent their recovery of that portion of the purchase price which shall be equivalent to the amount of their lien.

Another reason has been urged why plaintiffs should be allowed to recover the entire amount of the selling price. It appears that immediately after the sale, without waiting to receive from defendant the amount which he had promised to pay, plaintiffs by two checks paid to their customers four thousand dollars which seems to have been about all that was due to them over plaintiffs' advances. Evidence has been given of the custom of brokers to pay to their customers the proceeds of stock sales before actually received, and it is urged that by these payments plaintiffs have so changed their position that defendant ought not to be allowed to interpose his defense. This argument does not commend itself to our approval. There are some things in the record which suggest

the idea that the plaintiffs are making this fight for the benefit of their discredited principals and have been willing to so adjust matters between themselves and the latter as to fortify the claim for recovery. Assuming, however, that these payments were made in perfect good faith, we know of no reason why defendant's rights should be injured by them. The evidence introduced upon this subject seems simply and only to indicate that if a broker selling stock believes that his customer is reputable and responsible he sometimes pays the proceeds to him in advance, thereby trusting him to that extent. Defendant was in no way a party to plaintiffs' alleged confidence in their unworthy customers, and we think he should not be made to suffer if it has been misplaced.

In accordance with these views, the judgment appealed from should be reversed and a new trial granted, with costs to appellant in both courts to abide the event.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN and CHASE, JJ., concur; GRAY, J., absent.

Judgment reversed, etc.