PLUMB v. BRIDGE et al.

(Supreme Court, Appellate Division, Third Department. January 4, 1911.)

1. SALES (§ 404*)—REMEDIES OF PURCHASER—RESCISSION.

A purchaser of goods need not bring an action to rescind a contract upon the seller's breach.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1146; Dec. Dig. § 404.*]

2. TRIAL (§ 29*)—REMARKS BY COURT.

Where, in an action by a purchaser to recover $100 paid as earnest money, it was a jury question whether plaintiff was not entitled to recover such sum, it was reversible error for the trial judge to state that plaintiff's case was a 6-cent lawsuit.

[Ed. Note.—For other cases, see Trial, Cent, Dig. §§ 80–84, 508; Dec. Dig. § 29.*]

Cochrane and Houghton, JJ., dissenting.

Appeal from Trial Term, Franklin County.

Action by William H. Plumb against Edwin A. Bridge and another. From a judgment for defendants, and an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial granted.

See, also, 128 App. Div. 651, 113 N. Y. Supp. 92.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Kellas & Genaway (J. P. Kellas, of counsel), for appellant.
Fitch & Kiley (Edward A. Kiley, of counsel), for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

JOHN M. KELLOGG, J. Upon a sale of goods to be delivered, plaintiff paid to the defendants $100 in part payment and as earnest money. He alleges that the defendants failed to perform the contract upon their part, and he refused to receive the goods on account of their inferior condition. The defendants thereupon sold them, and they were bought in by another for the benefit of the plaintiff. He therefore secured the goods at a less price than he agreed to pay for them. It is evident he sustained no damages, unless he was entitled to recover back the $100. Perhaps technically he was entitled to a 6-cent verdict if the defendants had violated their contract. He was not required to bring an action in form to rescind the contract. He did not desire to rescind, but sought to enforce it, and upon an allegation of the defendants' default he sought to recover the $100, and other alleged damages.

It is evident, therefore, that the action was brought to recover the $100, and the court charged that he was not entitled to that, and, of course, the jury beat him. If the jury had found 6 cents damages, he was thoroughly beaten for bringing a 6-cent case in the Supreme Court, and would have been charged with the costs. If only entitled to 6 cents damages in a case of this kind, it would be immaterial whether the jury found with him or against him, so far as the right to appeal is concerned. The verdict, therefore, was not materially wrong if the plaintiff was only entitled to 6 cents damages. It was a fair question upon the evidence whether the plaintiff was not entitled to recover $100 on account of the defendants' breach of the contract; but the plaintiff was laughed out of court by having his case characterized by the presiding judge as a 6-cent lawsuit. It cannot be said that, if the case had been properly submitted to the jury, the plaintiff would not have recovered. I am satisfied that the erroneous charge prevented the plaintiff from having the fair and impartial consideration of his case which it was entitled to receive.

In my judgment, the judgment should be reversed, and a new trial granted, with costs to appellant to abide event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur, except COCHRANE and HOUGHTON, JJ., who dissent.