(85 Misc. Rep. 395)

## SHAW v. McQUEENEY.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

PRINCIPAL AND AGENT (§ 82*)—COMPENSATION—CONTRACTS.

　　The rights of agents for sales made under a contract defining their respective agencies, duties, and interests in the case of a joint sale must, as between themselves, be determined by the contract; and right to compensation for joint sales does not depend on what agent was the procuring cause of sales.

　　[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 216–219; Dec. Dig. § 82.*]

Appeal from City Court of New York, Trial Term.

Action by Helen Shaw against Mary F. McQueeney. From a judgment of the City Court of the City of New York for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Gannon, Seibert & Riggs, of New York City (Frank S. Gannon, Jr., and Royal E. T. Riggs, both of New York City, of counsel), for appellant.

· Lilian Herbert Andrews, of New York City, for respondent.

GUY, J. This action is brought to recover commissions. Plaintiff and defendant were agents of a corporation known as the Domestic Utilities Manufacturing Company in the sale of vacuum clothes washers in wholesale lots, called contracts. Plaintiff purchased through defendant, who held a $5,000 contract of agency, what is called a $150 contract of agency. These contracts entitled the agent to sell 50 vacuum clothes washers or 75 oven flues for $150, 1,667 vacuum clothes washers or 2,500 oven flues for $5,000, and intervening numbers at proportionate prices. Such sales were to be made strictly pursuant to a list price, and for fixed commissions payable out of the proceeds of the sales; there being a table of commissions on sales, fixing an agent's commission upon a $5,000 sale at $750.

To avoid conflicting claims for commissions, the contract provided that a customer, once solicited, should be the "prospect" of the agent first approaching or soliciting him until the sale was closed, but no longer; all agents being prohibited from accepting any other agent's or subagent's prospects, unless he compensated the other agent therefor as specified in the contract. The $5,000 agent's contract provided that the agent who closed any sale and the agent who first solicited the purchase should divide equally between them the profit that would have accrued to the owner of the smaller contract of the two, had he closed the sale under his contract.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Plaintiff purchased her $150 contract from defendant. Plaintiff then brought a prospect named Uhlfelder to defendant, through whom Uhlfelder purchased a $150 contract. The commissions on Uhlfelder's first contract were divided between plaintiff and defendant. Subsequently Uhlfelder and two partners or persons jointly interested with her had negotiations with defendant, as well as with plaintiff, about purchasing a $5,000 contract. They purchased it through the defendant, who wrote plaintiff, recognizing Uhlfelder as plaintiff's prospect, and offering to divide the commissions with her at what defendant claimed was the contract rate and the current usage thereunder. Plaintiff, however, refused to accept any division, or to recognize the peculiar provisions of the agency contracts, and brought an action to recover the entire commission, notwithstanding the agency contracts.

The trial judge instructed the jury that with the various ramifications of the contract between defendant and the Domestic Utilities Manufacturing Company the jury had very little to do, and left to them only a question of credibility as to which of the parties was the procuring cause of the sale. Had either party to the action not been a party to the agency contracts, or were this a case of an undisclosed principal, the charge would have been correct. Leo v. McCormack, 186 N. Y. 330, 333, 334, 78 N. E. 1096; Kent v. De Coppet, 149 App. Div. 589, 593–595, 134 N. Y. Supp. 195. But the rights of agents for sales made under and pursuant to a contract defining their respective agencies, duties, rights, and interests in the case of a joint sale must be determined by the terms of the contract creating their respective agencies, where the precise event that occurred is provided for in the contract, just as members of the Stock Exchange are bound by its rules in dealing with each other. Clarkson Home v. Missouri, K. & T. R. Co., 182 N. Y. 48, 49, 62–66, 74 N. E. 571; Peabody v. Speyers, 56 N. Y. 230, 233, 234; Springs v. James, 137 App. Div. 110, 117–123, 121 N. Y. Supp. 1054; Clews v. Jamiesen, 182 U. S. 461, 482–488, 21 Sup. Ct. 845, 45 L. Ed. 1183; Board of Trade v. Christie Grain & Stock Co., 198 U. S. 236, 248, 25 Sup. Ct. 637, 49 L. Ed. 1031; Horton v. Morgan, 19 N. Y. 170, 172, 75 Am. Dec. 311.

The learned trial court erred, therefore, in instructing the jury that they should disregard the provisions of the contract, and consider merely who was the procuring cause of the sale.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.