HELEN SHAW, Respondent, *v.* MARY F. MCQUEENEY, Appellant.

(Supreme Court, Appellate Term, First Department, May, 1914.)

Principal and agent — procuring cause of joint sales — rights of agents under contract.

The rights of agents for sales made under and pursuant to a contract defining their respective agencies, duties, rights and interests in the case of a joint sale must be determined by the terms of the contract creating their respective agencies where the precise event that occurred is provided for therein, and which agent was the procuring cause of the joint sale does not affect the right to compensation therefor.

APPEAL by defendant from a judgment of the City Court of the City of New York, entered in favor of the plaintiff for the sum of $723.57, besides costs, upon the verdict of a jury.

Gannon, Seibert & Riggs (Frank S. Gannon, Jr., and Royal E. T. Riggs, of counsel), for appellant.

Lilian Herbert Andrews, for respondent.

GUY, J. This action is brought to recover commissions. Plaintiff and defendant were agents of a corporation known as the Domestic Utilities Manufacturing Company in the sale of vacuum clothes washers in wholesale lots called contracts. Plaintiff purchased through defendant, who held a $5,000 contract of agency, what is called a $150 contract of agency. These contracts entitled the agent to sell 50 vacuum clothes washers or 75 oven flues for $150; 1667 vacuum clothes washers or 2500 oven flues for $5,000, and intervening numbers at proportionate prices. Such sales were to be made strictly pursuant to a list price, and for fixed commissions payable out of the proceeds of the sales, there being a table of commissions on sales, fixing an agent's commission upon a $5,000 sale at $750.

To avoid conflicting claims for commissions the contract provided, that a customer once solicited should be the " prospect " of the agent first approaching or soliciting him until the sale was closed, but no longer, all agents being prohibited from accepting any other agent or subagent's prospects unless he compensated the other agent therefor as specified in the contract.

The $5,000 agent's contract provided that the agent who closed any sale, and the agent who first solicited the purchase, should divide equally between them the profit that would have accrued to the owner of the smaller contract of the two, had he closed the sale under his contract.

Plaintiff purchased her $150 contract from defendant. Plaintiff then brought a prospect named Uhlfelder to defendant, through whom Uhlfelder purchased a $150 contract. The commissions on Uhlfelder's first contract were divided between plaintiff and defendant. Subsequently, Uhlfelder and two partners or persons jointly interested with her had

negotiations with defendant as well as with plaintiff about purchasing a $5,000 contract. They purchased it through the defendant, who wrote plaintiff recognizing Uhlfelder as plaintiff's prospect and offering to divide the commissions with her at what defendant claimed was the contract rate and the current usage thereunder. Plaintiff, however, refused to accept any division or to recognize the peculiar provisions of the agency contracts, and brought an action to recover the entire commission, notwithstanding the agency contracts.

The trial judge instructed the jury that, with the various ramifications of the contract between defendant and the Domestic Utilities Manufacturing Company, the jury had very little to do, and left to them only a question of credibility as to which of the parties was the procuring cause of the sale. Had either party to the action not been a party to the agency contracts, or were this a case of an undisclosed principal, the charge would have been correct (*Leo* v. *McCormack,* 186 N. Y. 330, 333, 334; *Kent* v. *DeCoppet,* 149 App. Div. 589, 593–595), but the rights of agents for sales made under and pursuant to a contract defining their respective agencies, duties, rights and interests in the case of a joint sale, must be determined by the terms of the contract creating their respective agencies, where the precise event that occurred is provided for in the contract, just as members of the Stock Exchange are bound by its rules in dealing with each other. *Clarkson Home* v. *Missouri K. & T. R. Co.,* 182 N. Y. 48, 49, 62, 66; *Peabody* v. *Speyers,* 56 N. Y. 230, 233, 234; *Springs* v. *James,* 137 App. Div. 110, 117–123; *Clews* v. *Jamiesen,* 182 U. S. 461, 482–488; *Board of Trade* v. *Christie Grain & Stock Co.,* 198 id. 236, 248; *Horton* v. *Morgan,* 19 N. Y. 170, 172.

The learned trial court erred, therefore, in instructing the jury that they should disregard the provisions of the contract, and consider merely who was the procuring cause of the sale.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

PAGE and WHITAKER, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.