MAX MELZER, Plaintiff, *v.* LEOPOLD ZIMMERMAN and Others, Defendants.

Supreme Court, New York Trial Term, April, 1922.

Sales — agreement to purchase Austrian kronen — failure to deliver — measure of damages — value of kronen taken as of nearest date of sale — Personal Property Law, § 148.

Where at the time of the breach of a contract to deliver goods there is no available market for them, recourse may be had to sales made before and after that date, within a reasonable range of time, in order to determine the fair market value at the time of the breach.

An agreement for the purchase by plaintiff and a sale by defendant over the counter of 20,000 Austrian kronen in the form of currency provided for the delivery of the kronen with accrued interest at the rate of three per cent per annum, upon plaintiff giving the defendants a three months' written notice. Such a notice was given on April 12, 1917, but defendants did not perform their contract on July 12, 1917, on which date, owing to war conditions, although this country was not technically at war with Austria, there was no available market for said kronen in this country. The only available market quotation for them was on April 3, 1917, when they were quoted at between eleven and twelve cents. *Held*, that the price of the kronen in 1919, when they could be obtained for six cents each, was entirely too remote to come within the reasonable range of time required by the rule of damages to be applied, and the market price in April, 1917, being the nearest available quotation, was a fair indication of market value of the kronen on July 12, 1917, when defendants broke the contract.

Plaintiff having paid defendants for the kronen at the rate of twelve and one-half cents each, a verdict for $2,500 is directed in plaintiff's favor, with interest at the contract rate for the period of time between the date when the contract took effect and its breach, and thereafter at the legal rate until the rendition of the verdict.

The kronen, even in the form of currency, must be deemed a commodity or " goods " under the Sales Act and the failure of defendants to perform their contract gave plaintiff a right of action for damages under section 148 of the Personal Property Law.

MOTION to direct a verdict.

*Morris & Samuel Meyers*, for plaintiff.

*Louis Werner*, for defendants.

DELEHANTY, J. A verdict for the plaintiff must be directed for the sum of $2,400, with interest thereon at three per cent, as provided by the agreement between the parties, from December 31, 1916, to July 12, 1917, and thereafter with interest thereon at the rate of six per cent per annum to the date of the entry of the verdict. The two specific questions submitted to the jury were

answered by them to the effect, *first*, that the defendants did sell to the plaintiff 20,000 Austrian kronen in the form of currency, and, *second*, that the defendants did not at any time offer to give the plaintiff a draft on a foreign correspondent. Thus the jury have found in effect that the transaction between the parties was an agreement for the purchase by the plaintiff and a sale by the defendants over the counter of said Austrian kronen in the form of currency, and not a deposit account payable by such a draft. The evidence showed that the agreement between the parties provided for the delivery by the defendants to the plaintiff of said kronen, with accrued interest at the rate of three per cent per annum, upon his giving the defendants three months' written notice; that said notice was given on April 12, 1917; hence the defendants were obliged to deliver the said kronen to plaintiff three months later, on July 12, 1917, but never did perform their contract. The parties consented in open court that the trial justice should direct the entry of a verdict for the amount of damages sustained by the plaintiff. The kronen thus contracted for by the plaintiff must be deemed a commodity or " goods " under the Sales Act, even though in the form of currency, just as gold coin, when treated as a commodity, has been held to be " goods " under the Statute of Frauds. *Peabody* v. *Speyers*, 56 N. Y. 230. And see *Cooke* v. *Davis*, 53 N. Y. 318. As the kronen were a commodity, although in the form of currency, the failure of the defendants, as sellers, gave the plaintiff, as purchaser, a right of action for damages under section 148 of the Personal Property Law, relating to the sale of goods. That section is mainly declaratory of the common law, and provides that the measure of damages is " the loss directly and naturally resulting in the ordinary course of events " from the breach, and that where there is an available market for the goods in question the measure of damages is the difference between the contract price and the market price at the time when the goods ought to have been delivered. The evidence showed that on July 12, 1917, owing to war conditions, although this country was not technically at war with Austria, there was no available market for said kronen in this country and the only market quotation for them was on April 3, 1917, when they were quoted at between eleven and twelve cents each, and in the spring and summer of 1919, when they could be obtained at six cents each. Where, as here, there was no available market for the goods at the time of the breach, it is well settled that recourse may be had to sales made before and after that date within a reasonable range of time in order to determine the fair market value at the time of the breach. *Dana* v. *Fiedler*, 12 N. Y. 40, 49; *Levant*

*American Com. Co., Inc.*, v. *Wells & Co., Inc.*, 186 App. Div. 497, 500. It seems clear, therefore, that in the instant case the market price of the kronen in 1919, nearly two years after the breach, is entirely too remote to come within the reasonable range of time required by the rule. On the other hand, the market price of kronen in the prior month of April, 1917, being the nearest available quotation, would appear to be a fair indication of the market value thereof at the time of the breach. As the contract price of $2,500 paid by the plaintiff for 20,000 kronen was at the rate of twelve and one-half cents each, and as the market price at the time of the breach was only about twelve cents, it becomes evident that if the plaintiff had not paid the said contract price to the defendants, he would be entitled to nominal damages only, for the breach of the contract, as he could have purchased them for less than he paid. On the other hand, if, as contended by the defendants, there was not only no available market for the kronen at the time of the breach, but that it was impossible for either party to obtain or dispose of them, then the case would be equivalent to a destruction of the goods without the fault of either party and the plaintiff, in such a case, would be entitled to treat the contract as avoided under section 89 of the Sales Act. So, too, in such a case it is obvious that the damages which would be sustained by the plaintiff would be the $2,500 paid to the defendants, with interest thereon at the legal rate from the date of such payment. *Joyce* v. *Adams*, 8 N. Y. 291. In the present case, however, the plaintiff has proceeded upon the theory that he could purchase the kronen in question for twelve cents each at the time of the breach, and, therefore, it follows that the damages which "directly and naturally" resulted to him was the amount necessary to purchase them at that rate, with the agreed interest thereon, because he had already paid the defendants for the kronen contracted for and received nothing in return. *Plumb* v. *Bridge*, 142 App. Div. 154. The earlier authorities were conflicting as to the rate of interest payable after the maturity or breach of an obligation in a case where the rate specified was different from the legal rate. Now, however, in the absence of an express stipulation to pay a specified rate before maturity and a different rate after maturity (as in *Union Estates Co.* v. *Adlon Construction Co.*, 221 N. Y. 183) or to pay a certain rate until the debt is fully paid (*O'Brien* v. *Young*, 95 id. 428, 430), the law is settled by the Court of Appeals to the effect that in the case of an agreement to pay a principal sum at a certain future time, with interest at a specified rate different from the legal rate, the rule requires payment of the rate of interest fixed by the contract up to the time of default

but after default the legal rate of interest is payable as damages for the breach. *O'Brien* v. *Young, supra; Pryor* v. *City of Buffalo,* 197 N. Y. 123. Applying that rule to the case at bar, interest is to be awarded to the plaintiff at the agreed rate of three per cent from December 31, 1916, to July 12, 1917, being the period of time between the date when the contract took effect and the date of its breach by the defendants, and the legal rate of six per cent must be awarded to the plaintiff from the time of the breach until the entry of the verdict. The contention on behalf of the defendants that the interest agreed upon in the contract cannot be allowed on the kronen considered as a commodity is not tenable. The verdict of the jury was to the effect that the defendants agreed to deliver kronen in the form of currency. It seems clear that such foreign currency may draw the interest agreed upon, even if dealt in as a commodity, just as gold coin may draw interest at an agreed rate, even though purchased as a commodity with paper currency.

Ordered accordingly.