LEOPOLD ZIMMERMAN and Others, Copartners Doing Business under the Firm Name of ZIMMERMAN & FORSHAY, Appellants, *v.* THE ROESSLER & HASSLACHER CHEMICAL COMPANY, Respondent.

First Department, January 9, 1925.

**Sales — action to recover purchase price of German marks — complaint — contract is one for sale of goods within Personal Property Law, § 156, and not for sale of credit — contract provided for delivery in October, 1917 — place of delivery under Personal Property Law, § 124, was seller's place of business — provision that payments in case of interruption of wireless would be due upon resumption of wireless — time of payment alone delayed by interruption of wireless — failure to allege delivery in October, 1917, makes complaint insufficient.**

A contract for the sale of German marks to be delivered in October, 1917, by the plaintiffs to the defendant, with provision that the marks were to be paid for not later than October 31, 1917, and in case wireless should be interrupted by that time, payments were to be due upon the resumption of wireless, is a contract for the purchase and sale of marks and not for the sale of credit and, being a sale of foreign money, falls within the classification of goods as that word is defined by section 156 of the Personal Property Law, and hence the provisions of that law are applicable.

The place of delivery of the marks not having been specified in the contract, they were deliverable under section 124 of the Personal Property Law at the seller's place of business.

The provision in the contract for delay in the time of payment in case of interruption of wireless did not relieve the sellers of the duty to make delivery of the marks in October, 1917, and the complaint in this action to recover the purchase price is insufficient to state a cause of action in that it does not allege that the sellers had duly performed their obligations under the contract by delivering the marks during the month of October, 1917.

APPEAL by the plaintiffs, Leopold Zimmerman and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of January, 1924, dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action, with leave to serve an amended complaint within twenty days.

*White & Case* [*David Paine* of counsel], for the appellants.

*Merrill, Rogers, Gifford & Woody* [*Charles L. Woody* of counsel; *James M. Gifford* with him on the brief], for the respondent.

FINCH, J.:

The complaint, in so far as is material to this decision, alleges that the parties entered into the following agreement in writing:

" THE ROESSLER & HASSLACHER CHEMICAL COMPANY
" 100 William Street
" NEW YORK, *Mar.* 17, 1917
" Messrs. ZIMMERMAN & FORSHAY,
" 9 & 11 Wall St.,
" New York.

" DEAR SIRS: We are in receipt of your favor of even date and herewith confirm our understanding in accordance with which we have bought from you Mks 3,000,000 — (Three Million) at the rate of 73 3/8 for delivery during the month of October 1917. It is understood that the Marks are to be paid for here and abroad not later than October 31st, 1917, and in case wireless should be interrupted by that time, payments are due here and abroad upon resumption of wireless.

" Yours very truly,
" THE ROESSLER & HASSLACHER CHEMICAL CO.
" (Signed)   WM. A. HAMANN, *Treasurer.*"

The complaint further alleges that wireless communication between the United States and Germany was interrupted subsequent to March 17, 1917, and prior to October, 1917; that such communication with Germany was re-established about July 22, 1919, and thereupon plaintiffs notified defendant that " they were

ready and willing to carry out said contract and demanded of defendant the said purchase price of $550,322.50, but that defendant refused to carry out said contract on its part, or to pay said sum, although plaintiffs have remained ready and willing to fully carry out the terms thereof. Wherefore, plaintiffs demand judgment against defendant for $550,322.50, with interest from July 2, 1919."

Appellants contend that the contract in the case at bar should be construed not to constitute a purchase and sale of so many marks but to be an agreement to make a transfer of exchange by wireless, or in other words, " an executory contract to place to the credit of the person named the amount in question at the time and place specified." Chief Judge Hiscock writing for the court in *Equitable Trust Co.* v. *Keene* (232 N. Y. 290) said: " As has been said, in determining the question at issue, whether the transaction be a sale of a present credit or a contract to create such credit in the future, we must be controlled by the language which has been quoted. We are not considering checks, drafts, bills of exchange or letters of credit or the principles applicable to any one of these instruments. The fact that the transaction is to be effectuated by cable is of course immaterial; the principles defining the nature of the transaction are not any different than they would be if the transaction was to be accomplished by letter or special messenger. The cable gives needed speed to the operation but does not change its nature. * * * The principles involved are not different than those which would be applicable to a contract dealing with ordinary articles of personal property. An agreement transferring to another an existing stock of goods would be a sale; an agreement specially to manufacture or create for another certain articles would be a contract looking to the future."

It is not possible to construe the contract in the case at bar to be other than a contract for the purchase and sale of marks. If it had been a contract for the sale of credit, some time and place would have been specified for the establishment of such credit. As far as the contract goes such credit might be established in one place as well as in another and this shows more clearly than anything else that the contract is not a sale of credit but is just what it expresses upon its face, namely a sale of 3,000,000 marks at a specified rate " for delivery during the month of October, 1917."

The contract, thus being for the sale of foreign money, falls within the classification of "goods" as that word is defined by section 156 of the Personal Property Law (as added by Laws of 1911, chap. 571), and hence the provisions of article 5 of that law (as added by Laws of 1911, chap. 571), known as the Sales of Goods Act, are applicable. In *Melzer* v. *Zimmerman* (118 Misc. 407; affd.,

205 App. Div. 886) it was said: " The kronen thus contracted for by the plaintiff must be deemed a commodity or ' goods ' under the Sales Act, even though in the form of currency, just as gold coin, when treated as a commodity, has been held to be ' goods ' under the Statute of Frauds. (*Peabody* v. *Speyers,* 56 N. Y. 230.) "

Considering further the contract in the case at bar, it is composed of two distinct provisions. Each provision is complete in itself and is not ambiguous. The first provision refers to a purchase of the marks and to the time of delivery, namely, October, 1917. As to place of delivery, the Personal Property Law (§ 124, as added by Laws of 1911, chap. 571) provides that where no place of delivery is provided in the contract and no usage of trade is shown to the contrary, the place of delivery is the seller's place of business, if he have one, and if not, his residence.

Under the first provision of the contract, therefore, we find the time of delivery is during the month of October, 1917, and the place of business is the seller's place of business in New York city. The second provision of the contract relates to the payment for the marks so purchased. The time of payment is subject to delay by interruption of wireless. The appellants wish us to insert the words " and delivered," or words of similar import, in the second sentence requiring the marks to be paid for and delivered not later than October 31, 1917, and in case wireless should be interrupted, then to have *delivery* and payment postponed. To insert such words would be to change the express words providing for delivery in the preceding sentence, and to deliberately change the wording in the sentence in question, thus making a contract which is now plain as to delivery, ambiguous, and, in effect, to make a new contract for the parties and one which would bear very harshly and unconscionably on the defendant. The court cannot make a new contract for the parties. That it would bear unconscionably on one party at the expense of the other is only important as evidencing the intention of the contracting parties if the case at bar were doubtful.

The plaintiffs, not having alleged in their complaint that they had duly performed their obligations under the contract by delivering the marks during the month of October, 1917, do not make out a cause of action in accordance with the terms of the contract, and hence the order appealed from dismissing the complaint of the plaintiffs should be affirmed, with ten dollars costs and disbursements.

Clarke, P. J., Merrell, Martin and Burr, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.