BENEDICT H. GRUNTAL and Others, Plaintiffs, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY and Others, Defendants.

Supreme Court, New York County, May 22, 1929.

*Cook, Nathan & Lehman* [*H. Nathan* of counsel], for the plaintiffs.

*W. J. McArthur,* for the defendant United States Fidelity and Guaranty Company.

*S. Maurice,* for the defendant National Surety Company.

*Jerome & Sand* [*M. D. Welch* of counsel], for the defendant Hartford Accident and Indemnity Company.

COTILLO, J.  Plaintiffs are a firm of stockbrokers, members of the New York Stock Exchange.  Plaintiffs had as customers one Louis Katz and Cassie Lewin.  In the months of April and May, 1928, they received from Katz and Lewin certain negotiable bonds which they sold and placed the proceeds of the sales to the accounts of Katz and Lewin.  About ten days after the receipt by the plaintiffs of these bonds they were notified by one of the purchasers of the bonds that the bonds were stolen.  Pursuant to the custom of stockbrokers the sales were made by the plaintiffs in their own names without disclosing the names of their customers.

Immediately upon notification that the bonds were stolen, the plaintiffs, in accordance with the rules of the Stock Exchange, were obliged to and did go into the open market and buy bonds such as they had sold and delivered to the purchasers, and received from them in exchange the stolen bonds. The persons owning the bonds at the time they were stolen were insured in the defendant insurance companies. Their losses were paid by the companies which became subrogated to their rights. The plaintiffs now find themselves in possession of the stolen bonds which in their hands are frozen assets, as under the rule of the Stock Exchange they cannot sell these bonds until they have established their title as against the claims of previous holders.

The plaintiffs in seeking to have themselves declared the owners of the stolen bonds urge strenuously two propositions: (1) That although in selling the bonds for their customers Katz and Lewin they acted as agents, their agency was coupled with an interest; (2) that they are holders in due course of the bonds, having derived their title or right to hold said bonds by reason of their having to take them back from the persons to whom they had sold them and that these persons purchased them for value and in good faith.

The plaintiffs in the original transactions involving the sale of the bonds on behalf of Katz and Lewin were simply acting as agents for undisclosed principals and acquired no more interest in the bonds than would any agent who sold goods for an undisclosed principal. It is now well settled that a stockbroker's agency is governed by no special rules but only by the general principles of agency. (*Crusius* v. *Louchheim*, 132 Misc. 520.) In *Leo* v. *McCormack* (186 N. Y. 330) it was held that stockbrokers were agents for their customers and were governed by the same general rules of law as in any form of agency. As the plaintiffs were acting as agents for Katz and Lewin and as they have failed to prove that their principals were holders in due course, they are in no better position as far as claiming the bonds than would be Katz and Lewin. The plaintiffs had a naked power to sell the bonds, collect the proceeds, pay themselves a commission and remit to their principals the balance of the proceeds of the sale.

The fact that upon the discovery by the purchasers of the bonds that they were stolen and that the plaintiffs after notification of this substituted other bonds and received back the stolen ones does not in and of itself make them transferees for value. They could not by this means place themselves in a stronger position than they originally were. When they took back the bonds from the purchasers they were only acting as agents for their

principals, and, therefore, took them subject to the same claims which Katz and Lewin would be subject to. The defendants by their policy of insurance were subrogated to the rights of the lawful owners of the bonds, upon payment of the loss and are now entitled to be declared the true owners. Judgment for the defendants surety companies against plaintiffs, and judgment in favor of plaintiffs against defendants Louis Katz and Cassie Lewin. Submit findings of fact and conclusions of law and proposed judgment in accordance with the above.